## Railroad Company v. McKinley.

1. A. having in the State court recovered a judgment for $12,000 against a railroad company, the latter took the case to the Supreme Court of Iowa, where a judgment was rendered reversing that below and ordering a new trial. Immediately thereafter the company obtained and filed in the office of the clerk of the lower court, the court not being in session, a writ of *procedendo*, together with a petition under the act of March 3, 1875 (18 Stat. 470), accompanied by the necessary bond, for the removal of the case into the Circuit Court of the United States. Within the sixty days allowed for that purpose by the laws of Iowa, but after the *procedendo* and petition had been filed, A. presented an application for a rehearing, and obtained from the Supreme Court an order suspending its judgment until the next term. The company then appeared and moved to dismiss the application, on the ground that, before it was presented, the case had been removed into said Circuit Court, and that, consequently, the Supreme Court had no jurisdiction thereof. That motion being denied and a rehearing had, A. consented to a reduction of the amount of his recovery to $7,000, whereupon judgment therefor was entered in the Supreme Court in accordance with its opinion. *Held,* 1. That the Supreme Court having, after reversing the judgment of the lower court, still retained jurisdiction of the cause for the purpose of a rehearing, the right of the defendant to a new trial had not been perfected when the petition for removal was filed. 2. That the subsequent judgment in the Supreme Court operated as a revocation of the order to the court below to grant a new trial, and consequently withdrew the case from under that petition. *Sed quære,* Is the filing of the petition and bond in the clerk's office, the court not being in session, sufficient, under any circumstances, to effect a removal?

2. The ruling in *Vannevar* v. *Bryant* (21 Wall. 41), that after one trial has been had in a State court, the right to another must be perfected before a demand can be made for the removal of the case to the Circuit Court of the United States, reaffirmed.

Error to the Supreme Court of the State of Iowa.

The facts are stated in the opinion of the court.

*Mr. N. M. Hubbard* for the plaintiff in error.

*Mr. O. P. Shiras, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

In *Insurance Company* v. *Dunn* (19 Wall. 214), it was held that under the act of March 2, 1867 (14 Stat. 568), a cause could be removed from a State court to the Circuit Court after a trial and judgment in the State court, if before the removal the first judgment had been set aside or vacated, and the right

to a new trial perfected, and in *Vannevar* v. *Bryant* (21 Wall. 41), that after one trial the right to another must be perfected before a demand for removal could be made.

In this case there had been one trial and a judgment, for McKinley, the plaintiff below, against the railroad company in the State court before the petition for removal was filed. Upon appeal to the Supreme Court of the State an order was obtained reversing this judgment, and remanding the cause for a new trial. As soon as this order of reversal was made, the company obtained from the clerk of the Supreme Court a writ of *procedendo*, and filed it in the clerk's office of the court below, that court not being at the time in session. This being done, the company filed in the clerk's office below, the court still not being in session, a petition under the act of March 3, 1875 (18 Stat. 470), accompanied by the necessary bond, for the removal of the cause to the Circuit Court of the United States.

Under the practice in Iowa, a petition for rehearing may be presented to the Supreme Court at any time within sixty days after the filing of the opinion in the case; and when presented, the court if in session, or a judge if in vacation, may order a suspension of the decision until the next term. In this case, before the expiration of the sixty days, but after the filing of the writ of *procedendo* and the petition for removal in the clerk's office below, a petition for rehearing was filed in the Supreme Court by the plaintiff, and an order suspending the decision until the next term obtained. At the next term the company appeared and moved to dismiss the petition for rehearing, on the ground that the cause had been removed to the Circuit Court before the petition was filed, and the Supreme Court had consequently no longer any jurisdiction. This motion was denied, and afterwards upon the rehearing, the plaintiff below having consented to a reduction of the verdict in his favor from $12,000 to $7,000, a judgment was entered in the Supreme Court for the reduced amount, in accordance with the opinion originally filed.

We think this brings the case within the rule as laid down in *Vannevar* v. *Bryant*. A right to a new trial had not been perfected absolutely when the petition for removal was filed.

The Supreme Court still retained jurisdiction of the cause for the purpose of a rehearing; and when it did rehear and set aside its former order of reversal, the case occupied the same position it would if the final judgment of that court had been the one originally entered. The subsequent judgment operated as a revocation of the order on the court below to proceed, and consequently took the case out from under the petition for removal.

We think, therefore, that the Supreme Court had jurisdiction of the cause when its final judgment was entered, and, consequently, that there is no error in the record which we can re-examine. The view we have taken of the case makes it unnecessary to consider whether the filing of the petition for removal in the clerk's office, the court not being in session, was sufficient of itself to effect a removal.

*Judgment affirmed.*