THE METROPOLITAN LIFE INSURANCE COMPANY v. MELISSA
ETHIER.

*Removal of causes for local prejudice.*

A showing of local prejudice was made for the removal of a cause from
the State to the Federal court, but it was not presented to the court
and action invoked upon it for more than a year. *Held* that the
paper had become inofficious and would not avail for the purpose.

The showing of cause for the transfer of a cause to the Federal court,
and the motion upon it, must be substantially contemporaneous.

Error to Menominee.    Submitted June 11.    Decided
June 23.

ASSUMPSIT on insurance policy.    Defendant brings error.
Affirmed.

*Edward Cahill* for plaintiff in error.    The act of Congress
for the removal of causes in providing that the removal
must be applied for " before final hearing or trial," permits
it to be asked for after trial in the State court if that is not
the end of the litigation : *Insurance Co. v. Dunn* 19 Wall.
214; *Kellogg v. Hughes* 3 Dill. 357; *Trust Co. v. Maquillan* id. 379; *Minnett v. Mil. & St. Paul Ry. Co.* id. 460;
*Hurst v. W. A. R. R.* 93 U. S. 71.

*B. J. Brown* for defendant in error.    A petition for the
removal of a cause for local prejudice and the affidavit in
support of it are not valid for the purpose if not used for a
year after they were sworn to : *Delaware R. R. Construction Co. v. Davenport & St. Paul Ry. Co.* 46 Iowa 406 ; if
not duly filed, the inchoate right arising upon the petition
for removal is extinguished : *Broadnax v. Eisner* 13 Blatch.
366 ; *Bright v. Mil. R. R.* 14 Blatch. 214 ; *Hanover Nat.
Bank v. Smith* 13 id. 224 ; *McLean v. St. Paul & C. Ry.*
16 Blatch. 309.

COOLEY, J. Two verdicts have been recovered by defendant in error in this case, the first of which we set aside and ordered a new trial. The second, with the judgment upon it, is now before us. It is alleged for error that the circuit court erred in proceeding to a second trial in the case, because before doing so a petition had been filed for the removal of the case to the circuit court of the United States, whereby the jurisdiction of the State court was superseded. On the other hand, it is insisted that there were fatal defects in the proceedings to remove the case to the Federal court, which required and compelled the court below to overrule the petition. No other question but this is now before us.

An inspection of the record shows that the order of this court, setting aside the first verdict and judgment, was made June 13, 1876. The *remittitur* was applied for and issued August 29, 1876, but for some unexplained reason was not filed in the court below until September 1, 1877. The petition for the removal of the cause is dated September 7, 1876, and the affidavit on which it was based, was made on that day. Had it been immediately presented, it must have been denied without an examination of its merits. This is settled by *Vannevar v. Bryant* 21 Wall. 41 and *Railroad Co. v. McKinley* 99 U. S. 147, in which it was decided that a party cannot move for the transfer of his case to the Federal court for a second trial until his right to have a second trial has been perfected, and this is not done until *remittitur* is filed.

The petition, however, was not presented to the State court for its consideration until September 21, 1877, more than a year after its date, and the bond was not perfected until September 15, 1877. And the question now is, whether a showing made at a time when the case is not in condition for moving can be retained in the office of counsel and made use of a year or any indefinite time afterwards when the necessary steps shall have been taken to put the case in the proper condition.

The ground on which the transfer was demanded was that "from prejudice and local influence the said Metropolitan Life Insurance Company of New York, the defendant in said

cause, will not be able to obtain justice in the State court, where the same is now pending." The showing of cause was upon belief merely, as it must be usually, since the nature of the case will scarcely admit of more. Now nothing can be more evident than that a cause which may have prejudiced a fair trial in September, 1876, may have wholly passed away in September, 1877, or that a showing made in the most perfect good faith and on grounds apparently sufficient at the first date, may, long before the year was over, have been shown, to the satisfaction of the party making it, entirely mistaken and baseless. Indeed it is possible to conceive that stale papers may have been used because new papers could not be verified; for local feelings and prejudices change frequently, and a prejudice against one party at one date may be equally strong in his favor in much less time than had elapsed in this case. Courts must often take notice of such changes; a railroad company may have a whole community ready to tax their estates to aid in the spring, and equally ready to tear up its track in the fall, and an accused party when he has been convicted may have the same persons petitioning for his pardon who strove as a mob to hang him when first arrested. Such changes are too common to be ignored in legislation, and those not so striking in character are often sufficient to affect the general sentiment of a community without attracting much attention. We have no doubt that the intention of the statute permitting such transfers is that the showing of cause and the motion upon it should be substantially contemporaneous. We will not undertake to say what lapse of time after the one and before the other would be overlooked, but it is plain that after a year the showing has lost its force and cannot avail to move the judicial mind.

As this is the sole error relied upon, the judgment must be affirmed with costs.

The other Justices concurred.