SAMUEL R. JACKSON, in review, *vs.* ALBERT P. GOULD.

Knox.     Opinion March 23, 1883.

*Removal of causes.     Action of review.     Original actions.*

'The statute of the United States for the removal of causes from the State to the federal courts, where the alleged reason for removal is that a controversy between citizens of different States is involved, authorizes such removal only when the action could have been originally entered in the federal court and tried there as an original action.

.An action of review is not an original action but arises out of and is supplemental to an original action which has been ended by a final judgment.

.An action to review a judgment of a State court is not one of which the United States court has original jurisdiction, or which could be entered and tried in such court.

'That statute, for the removal of causes, removes them for trial, but gives the federal court no authority to review the doings of the State court, and certainly not to restrain or modify the execution of any judgment in the State court.

·ON EXCEPTIONS.

An action of review.

The plaintiff in review, filed a petition to remove the action to the circuit court of the United States, for the district of Maine, alleging that the plaintiff in review at the time of the commencement of the original action was, and ever since has been a citizen of the state of New Jersey, and that the defendant at the same time was and ever since has been a citizen of Maine; that the

original action and the action of review are suits of a civil nature, in each of which the matter in dispute exceeds the sum or value of five hundred dollars exclusive of costs.

The defendant filed the following answer to petition for removal.

"Knox County, Supreme Judicial Court, September term, 1881 ; *Samuel R. Jackson in review,* v. *Albert P. Gould.*

" The answer of the said Albert P. Gould to the petition of said Samuel R. Jackson for the removal of the above entitled action or matter, and of the original suit mentioned in said petition, wherein a review has been granted, to the Circuit Court of the United States."

"The said Gould contests and denies the right of removal as prayed for in said petition, and says there is no authority in law therefor, for the following reasons, to wit :—

"I. The said Gould denies that the said Jackson was a citizen of the state of New Jersey on the twenty-sixth day of April, A. D. 1874, being the day on which the action of the said Gould against the said Jackson was commenced in the Supreme Judicial Court of the State of Maine for the county of Knox, as is alleged in said petition ; and he says that on that day the said Jackson was and for a long time thereafterwards continued to be, a citizen of the State of Maine, and resident at Brunswick in the county of Cumberland.

"II. Said Gould further denies the right of said Jackson to remove the cause or matter as prayed for in said petition :— Because, in the said suit of Gould against Jackson, commenced on the said twenty-sixth day of April, A. D. 1874, judgment was recovered by said Gould in the said Supreme Judicial Court of the State of Maine for the county of Knox, on the second day of April, A. D. 1879, which judgment is now remaining in said court unreversed and unsatisfied, and that the said Jackson by his petition for a review thereof filed in said Supreme Judicial Court on the twenty-eighth day of August, A. D. 1879, has been granted the privilege by said court of a review of said action, and a rehearing in the same, the purpose, object and effect of which is, according to the laws, of the State of Maine, to enable the said Jackson, if he can show

:good cause therefor in the law in fact, to obtain a reversal or reduction of said judgment; which hearing and trial for the purpose aforesaid, can only be had in the said Supreme Judicial Court, where said judgment must remain, and that all the proceedings for a review and rehearing mentioned in said petition for removal, are merely incidental to, and a graft upon, said original suit and judgment; and that said action of review is not a litigation separate and independent thereof; and that the reversal and annulling, or modification of said judgment can only be ordered by said Supreme Judicial Court by a direction to its clerk to enter a cancellation or reduction by set-off, upon its records; over which record and original judgment said Circuit Court would have no authority or power of reversal, modification, reduction or set-off if said proceedings for a review should be removed thereto; and that said Circuit Court could not enter the order or judgment required by the statutes of the State of Maine, if said proceedings for review and reversal :should be removed to that court, and said Jackson should be .successful in proving his right thereto.

"III. Said Gould further denies that said petition ought to be .granted. Because, he says, said petition was not filed before or at the term at which said cause or matter could be first tried, and before the trial thereof; and he says that that matter has been already partially tried in said Supreme Judicial Court; that said Jackson's petition for a review was filed in said State court on the twenty-eighth day of August, A. D. 1879, and that a trial was had thereon in said court, at the March term thereof A. D. 1880, and the same reported to the law court of said State for decision, wherein a hearing was had by said law court, :at its term held in the western district in July, 1880, upon which .said court rendered a subsequent decision granting the right of review upon certain conditions. And said Gould says that the writ of review, authorized by the court, under the statutes of .said state is not a new or separate action, but is simply part of the proceedings for review, and a continuation thereof, which were commenced by said Jackson in August, 1879, and that its effect, by said statute, was simply to bring said original judg-

ment and the record thereof, before said state court for rehearing, that said court might determine whether said judgment might be reversed, or modified, and that by said statute, and by force of the laws of the state of Maine, no issue can be formed or tried upon any allegation in said writ of review, but that the trial is to proceed upon the pleadings in the original action, or such other pleadings therein as said court shall order; and he further says, that all the proceedings for review under the statutes of said state, are in the nature of a writ of error, and that their only object is the reversal or modification of the original judgment."

"IV. Said Gould further says that said circuit court has no jurisdiction over the matter or cause mentioned in said petition, because the said judgment recovered by him, was not against the said Jackson personally, but was a judgment *in rem* only, and against the property attached in the original writ in said action.

A. P. Gould."

The presiding justice granted the petition, and ordered the action removed, and the defendant alleged exceptions.

*Strout and Holmes*, for the plaintiff.

The defendant has filed an "answer" to the petition for removal in the state court, in which the character of the process, by which this suit is begun, is set up in various forms, and under various aspects as an insurmountable obstacle to removal.

He says the purpose of the writ of review is "to obtain a reversal or reduction of said (original) judgment", that "this can only be done by direction to the clerk to enter a cancellation or reduction by set-off" on the record of the state court, and that this, the circuit court has no right to do.

Such is not the purpose of the writ as stated in the usual form of declaration. It is for the "recovering back of said sum," which has already been recovered from the plaintiff in review, and for recovering costs. R. S., c. 89, § § 11, 12; R. S., 1841, c. 124, § 9; *Crehore* v. *Pike*, 47 Maine, 435; *Whittaker* v.

*Berry*, 64 Maine, 236; *Curtis* v. *Curtis*, 47 Maine, 525; *Dunlap* v. *Burnham*, 38 Maine, 112; *Bradstreet* v. *Partridge*, 59 Maine, 155; *Dyer* v. *Wilbur*, 48 Maine, 287.

But it is contended that the provision of the statute (originating in the act of 1864) that where the plaintiff in review, recovers the whole amount of the former judgment, that judgment *shall* be set off against the original judgment if unpaid, is such a constituent part of the remedy that review can be maintained in no court, where such set-off cannot be ordered by a direction to the clerk of the court rendering the original judgment.

This position proves too much to be sound.

The fact that the method of enforcing a judgment is different in the United States Court, can be no bar to removal. Bail given on mesne process is discharged by a removal. U. S. Stat. 1875-6, c. 137, § 3.

The Supreme Judicial Court has jurisdiction in review of all causes of action upon which judgment has been rendered in *any judicial tribunal* of the state, which includes judgment of superior and municipal courts, and of justices of the peace. R. S., c. 89, § 1.

Now it seems to us that the Supreme Judicial Court is just as powerless to control dockets and records of other courts, to give instructions to their clerks, or direct entries to be made, (save as a law court), as the federal court is as to the Supreme Judicial Court of the state. But that is not the only method of set-off.

It has been undertaken to set-off judgments of different courts in two cases in this state. In one of them we find no reasons given for it. *Moody* v. *Towle*, 5 Maine, 415.

In the other, reference is made to the foregoing case, and to Stephen's Nisi Prius, 1188, and cases there cited. *Hooper* v. *Brundage*, 22 Maine, 460.

It is also alleged that "this suit is, and all the proceedings on review are, merely incidental to and a graft upon the former suit, and that said action of review is not a litigation separate, and independent thereof."

There is no foundation for this proposition.

The suit is begun by a separate and distinct writ, made, served

and entered independently, standing alone upon the docket, and upon the record. The issues may or may not be the same as in the former suit. If none were made up there, then pleadings have to be filed in this action. If there were pleadings there, a change may be made here. R. S., c. 89, § 10.

It is a "process to correct a former judgment by means of a new one" with "a distinct judgment" and "is a new and independent action." *Dyer* v. *Wilbur*, 48 Maine, 287; *Crehore* v. *Pike*, 47 Maine, 435; *Bradstreet* v. *Partridge*, 59 Maine, 155.

The rules laid down in following cases, do not apply to this case: *Bank* v. *Turnbull*, 16 Wall. 190; *West* v. *Aurora City*, 6 Wall. 139; *Gwin* v. *Breedlove*, 2 How. 29; *Freeman* v. *Howe*, 24 How. 450; *Oglesby* v. *Attrell*, 12 Fed. Rep. 227; *Barrow* v. *Hunton*, 99 U. S., 80, (83); *Nougue* v. *Clapp*, 101 U. S., 551.

"If the proceedings are tantamount to a bill in equity, to set aside a decree for fraud in obtaining thereof, then they constitute an original and independent process, and . . . the case might be within the cognizance of the federal courts." *Barrow* v. *Hunton*, 99 U. S., 80.

Probate proceedings, as such have been held not to be cognizable by those courts, because they are proceedings *in rem*, or of that nature, a contest with the whole world, and the whole world is bound by them, and are not begun by a suit, by one party against another. But where a *new suit* is given in the state court to annul the probate of a will by a *separate judgment*, such suit may be removed to the circuit court. *Gaines* v. *Fuentes*, 92 U. S., 10, (21).

In a case precisely in point, proceedings were had to condemn land for a boom company, first by appraisal by commissioners. This the court say "was in the nature of an inquest . . . and not a suit at law in the ordinary sense of the term. But when it was transferred to the district court by appeal from the award of the commissioners, it took, under the statute, the form of a suit, and was thenceforth subject to its ordinary rules and incidents." *Boom Co.* v. *Patterson*, 98 U. S., 403, (406).

Here we have a specific remedy which, in this case, for a

specific reason, we take by order of court, but it was open to this plaintiff "when his petition was entered in court, without application for leave to bring an action of review." *Jackson* v. *Gould*, 72 Maine, 335 ; R. S., c. 82, § 4; c. 89, § 7.

Here is a right given by the state legislature to bring an independent suit, in which there is a distinct judgment, in which there is no change or reversal of a former judgment, but which allows that to stand, and which is simply for the recovery of a sum of money from the defendant in review for which judgment will be rendered, if it is successful, in precisely the form that it would be entered upon any ordinary suit. Such a remedy is enforceable in the federal courts. For where a state legislature has given a right and a remedy, it may be enforced in the federal courts, whether it be in equity, law, or admiralty, where the proper citizenship exists. *Clark* v. *Smith*, 13 Pet. 195 ; *Parker* v. *Overman*, 18 How. 137 ; *Van Norden* v. *Morton*, 99 U. S., 378 ; *Cummings* v. *Nat. Bank*, 101 *Id*. 153.

It cannot be withdrawn from the cognizance of such federal court by any provision of the state legislature, that it shall only be enforced in a state court. *Railroad Co.* v. *Whitton*, 13 Wall. 270 ; *Holmes* v. *O. & C. R. R. Co.* 5 Fed. Rep. 75.

That this action is not a part of the proceedings on the petition is sufficiently established by the fact that, as already shown, it could have been brought without it, and that where the petition is necessary, it must have been finished and go off the docket before the writ could be brought. It "cannot be entered, heard or determined under the petition." *Bradstreet* v. *Partridge*, 59 Maine, 155.

*A. P. Gould*, for the defendant.

DANFORTH, J. The question involved in this case, arises upon a petition for the removal of the action from the State court to the United States court. The petition fully sets out the original action, the proceedings therein, the history and pendency of the writ of review, and alleges among other things, that both the original suit, and the action of review, "are suits of a civil nature

at law, in each of which the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, and the whole controversy therein, is between . . citizens of different States." The petition closes by asking that the court will accept the petition and bond, "and proceed no further in said cause" in review now pending and will cause the record therein to be removed into said Circuit Court of the United States."

It thus appears that while the original action, and that in review, are described and treated as two actions and are claimed in the argument, as separate and distinct, the prayer of the petition is that one only be removed. This perhaps could not have been otherwise for that one and not the other, is alone pending. The original action has gone to judgment and that judgment is binding upon the parties and must remain so whatever may be the result of the review. *Curtis* v. *Curtis*, 47 Maine, 525; *Dyer* v. *Wilbur*, 48 *Id.* 287; *Whittaker* v. *Berry*, 64 *Id.* 238. If this were all the case, it would be seen to be of little consequence whether the prayer of the petition were granted or denied, for if granted it would carry with it only the writ of review and the proceedings under that, which would present to the court no pleading, no issue, and none could be made without the papers in the original action and hence no trial could be had, no judgment rendered.

But while it is claimed that the writ of review is a distinct process and the foundation of a distinct and independent action for the purpose of removal, yet on removal it takes with it the records of the original action for the purpose of trial and judgment, and this is clearly necessary in order to render the removal effectual for any useful purpose. The question then arises, and it is the only question in the case, whether such an action in review is removable within the meaning of the acts of Congress applicable. For it is certain that unless authorized by such an act no removal can be had. *Insurance Co.* v. *Pechner*, 95 U. S. 183.

The ground upon which the removal is claimed, is that of citizenship; the right must therefore be found in, U. S. R. S., § 639, or in the act of Congress of March 3, 1875, c. 137. It

cannot be under the R. S., for that provides only for a removal
on petition of a defendant in an action by a citizen of the State
wherein it is brought. It must therefore be under the act of
1875, which authorizes a removal upon the petition of either
party. This act was passed for the purpose of fixing the juris-
diction of the courts of the United States, as well as to make
provision for the removal of causes from the State courts thereto,
and so far as material to this case is in substance as follows :

Section one provides that the United States courts shall have
original cognizance, concurrent with the courts of the several
States in suits of a civil nature at law or in equity, where the
matter in dispute exceeds, exclusive of costs, the sum of five
hundred dollars, in which there shall be a controversy between
citizens of different States.

" Section 2. That any suit of a civil nature, at law or in equity,
now pending or hereafter brought in any State court, where the
matter in dispute exceeds, exclusive of costs, the sum or value
of five hundred dollars, arising under the constitution of the
United States, &c. . . . and when in any suit mentioned
in this section there shall be a controversy which is wholly between
citizens of different States and which can be wholly determined
as between them, then either one or more of the plaintiffs or
defendants, actually interested in such controversy, may remove
said suit to the circuit court of the United States for the proper
district."

" Section 3. " That whenever either party . . . entitled to
remove any suit, mentioned in the next preceding section, shall
desire to remove such suit from a state court to the circuit court
of the United States, he . : may make or file a petition in such
suit in such state court, before or at the term at which such
cause could be first tried and before the trial thereof, for the
removal of such suit . . . and file therewith a bond . . for his
entering in such circuit court, . . . . a copy of the record
in such suit. . . . It shall then be the duty of the state court to
accept said petition and bond and proceed no further in such
suit. . . . And the said copy being entered as aforesaid, in said
circuit court of the United States, the cause shall then proceed

in the same manner as if it had been originally commenced in the said circuit court."

"Section 6. The circuit court of the United States shall in all suits removed under the provisions of this act proceed therein as if the suit had been originally commenced in said circuit court and the same proceedings had been taken in such suit as shall have been had in said state court prior to its removal."

This statute gives the circuit court concurrent jurisdiction with the state court in certain cases where the controversy is between citizens of different states. Such cases and such only can be removed when commenced in the state court and when removed they are to be tried in the United States court as if originally commenced there. To secure this right of removal the petition therefor "must be filed in the state court before or at the time at which such cause could be first tried and before the trial thereof."

The original action comes within the description in every respect unless it may be the residence of the party seeking the removal. It is claimed that when that action was commenced, both parties were citizens of the same state and the change of residence subsequent to that would not authorize a removal. In reply to this, it is said that the fact is otherwise and testimony upon this point has been offered by each party; and further, that it is sufficient if the parties were residents of different states at the time of filing the petition. Upon this question there is a conflict in the decisions of different courts of the United States and as in the view we take of this case it is immaterial we give no opinion upon it.

It is, however, very evident that so far as the original case is concerned the petition came too late. That case was not then pending; the controversy involved in it had ceased, for it had gone to judgment and that judgment, as we have seen, is in full force and effect. True, it is alleged in the petition that the petitioner never had any notice of the pendency of that action and that the term at which the petition was filed was the "first term at which the controversy in said original suit could be tried."

The record shows that no actual notice was given, and the petitioner, though a party, did not appear in the case. But

being a non-resident, he had such notice as the law requires, and having property in the state which was attached upon the writ, the court acquired jurisdiction to the extent of that property and to render the judgment that was rendered. This in fact is not denied, but is the ground upon which the petition for review and all the proceedings under it are predicated. It is therefore not open to the petitioner to deny the jurisdiction of the court in rendering that judgment, or its validity. Whatever may have been the literal fact as to the appearance of the petitioner, or his opportunity for trying the case, no statute of the United States can be found authorizing the removal of any case after final judgment. The remarks of MILLER, J., in *Nougue* v. *Clapp*, 101 U. S. 554, are applicable in this connection : " We think that for this court, after all that has been done, to undertake to decree that what that court did is void, to sit in *review on its judgment*, and reverse its decree and set aside its sale, in a case *where its jurisdiction is undoubted*, is unwarranted by the relations which subsist between the two courts. It would be an invasion of the powers belonging to that court, and such doctrine would, upon the simple allegation of fraud practiced in the court, enable a party to retry in the federal court any case decided against him in the state court." In *Railroad Company* v. *McKinley*, 99 U. S. 147, the petition for removal was filed while the question for new trial was pending, and the court held that the state court retained jurisdiction and refused to interfere.

The case of *Harter* v. *Kernochan*, 103 U. S. 562, relied upon in the argument, confirms this view rather than otherwise. Though in that case the defendant came in for the first time after a final decree had been entered, yet under the facts of the case and by virtue of a statute of Illinois, this coming in vacated the decree and the case was re-docketed and stood for trial the same as though no decree had ever been entered. It was upon this ground that the removal was allowed. The inference is inevitable that but for the effect of the statute in vacating the decree, it would have stood and have been considered final and conclusive, and the removal denied.

In *Stevenson* v. *Williams*, 19 Wallace, 576, FIELD, J., says,

" After a final judgment has been rendered in the state court, the case cannot be removed to the circuit court of the United States, and there proceed as the statute provides, in the same manner as if brought there by original process without setting aside the trial and judgment of the state court as of no validity. No such proceeding is contemplated by the act." In *Insurance Company* v. *Dunn*, 19 Wallace, 224, the question was whether the action of the state court was a final judgment, and the court held if it was so it could not be removed, otherwise it might be.

The principle involved is simple and well established. The case is one of which, under the statute of 1875, the state and United States courts have original and concurrent jurisdiction, and that jurisdiction which is properly exercised by either will be respected by the other. That of the state court may be interrupted by the removal, but even then so far as it has been exercised, by the express terms of § 6 of the statute, the case is to be taken as if " the same proceedings had been taken in such suit " in the circuit court. If those proceedings have resulted in a final judgment, that must be an end.

It remains to be seen whether the writ of review as an independent and distinct process can be removed under the statute, or whether it has so changed the status of the original action that the whole may be removed together. If both must go together, it would seem that the foregoing considerations would be fatal to the removal, for if the one cannot go, certainly both cannot.

The petition asks for the removal " of the said cause in review." If a review it must be a review of something; and that something is shown by the record to be the original action. The two in fact are so combined that they cannot be separated. The new process is but a supplement to, a continuance of the old one. It is but a review of that, not for the purpose of annulling or changing the judgment therein rendered but certainly to modify and control its force and effect and to prevent its due execution. It may be as claimed, a distinct process, but it can not be an independent one, for the original action is the sole foundation upon which it rests, and take that away, and the superstructure must necessarily fall.

In this view, it is clearly not within the statute of removals. Whether it would be competent for Congress to pass an act which would authorize its removal, or whether it should or should not have done so, is not now the question. It is enough that we find no such statute.

As already seen, the statute so far as applicable to this case authorizes the removal of such suits only as could have been entered originally in the United States court. This could not have been so entered. It is entirely the creation of the statute and the procedure under it must be in conformity thereto. If the petitioner would avail himself of the advantages to be derived from it, he must submit to the conditions and limitations imposed; one of which is that it must be entered at the term specified of the court which granted it. It is immaterial that at one time the petitioner was entitled to the writ as a matter of right. If any advantage could have been derived from that fact it was waived and the writ was obtained on petition and at the discretion of the court. In the exercise of that discretion a condition was imposed, which is not a part of the proceedings under the writ but prior to it. *Jackson* v. *Gould*, 72 Maine, 335.

The statute of removals further provides that after entry in the circuit court the proceedings shall be the same as if originally entered there. This surely can only refer to such proceedings as the rules of that court require and not to such as may be prescribed for the state court by statute or otherwise. Nothing is required to be entered in the circuit court but a copy of the process removed and the proceedings so far as they have been had under that process. So far, perhaps the circuit court would be bound by force of the statute, but no farther, and especially it would not be bound by the conditions imposed upon the granting the writ, as that was no part of the proceedings under it and nowhere appears in any record to be produced. Then, too, the judgment to be rendered is not in accordance with any rules of procedure in the circuit court. It is not made up from the verdict rendered upon the issue tried, but from a comparison of that with the original judgment, which is not removed, but remains and must remain in the state court.

It is claimed that the United States courts will proceed as the state court would because the state statute requires it. It may be true that where a state statute gives a new right, or a new remedy for an old right, in a proper case the United States will enforce it. But in doing so they will be governed by their own rules of proceeding. *Van Norden* v. *Morton*, 99 U. S. 378.

But the removal depends upon *a particular statute, which nowhere authorizes but prohibits the circuit court to review the doings of the state courts, and permits no judgments except such as follow the issue in an original process in the ordinary course of proceeding.

It is claimed that this would oust the state court of its jurisdiction in review of cases tried in the lower courts. But that jurisdiction is especially authorized by the statute, R. S., c. 89, § 1, and to enable it to exercise that jurisdiction, § 7 of the same chapter requires the plaintiff in review to "produce and file an attested copy of the writ, *judgment*, proceedings and depositions, or their originals, in the former suit." There is no such provision in the United States statute, as there certainly would have been if it had been the intention to have given that court the power to review cases tried in the state courts.

Thus it is very evident that the statute of removal was not intended to give the United States courts any supervisory power of state courts, or make them a court of appeal, but simply to take from them a certain class of cases in which the parties were residents of different states, and in which they had original jurisdiction, with authority to try them as original entries and as original cases, and in many cases the only question involved is whether that for which the removal is asked is an original process or supplemental, or incidental to or a review of some other case. *West* v. *Aurora City*, 6 Wallace, 139 ; *Barrow* v. *Hunton*, 99 U. S. 80 ; *Bank* v. *Turnbull & Company*, 16 Wallace, 190 ; *Vannevar* v. *Bryant*, 21 *Id.* 41.

It is equally fatal to the petitioner's right of removal, whether we consider the action of review a distinct process, or connected with and supplemental to the original action. If distinct it is but a part of the case and comes within the principle laid

down in *West* v. *Aurora City, supra,* in which it is said on page 142, " It is equally fatal to the supposed right of removal that the record presents only a fragment of a cause, unintelligible except by reference to other matters not sent up from the state court and through explanations of counsel." So in this case as already seen upon the theory that the review is distinct and independent, the law does not contemplate the production of the records in the original case, and yet without them the part which is produced would be unmeaning and unintelligible.

If on the other hand it is supplemental to and a continuance of the original action, as it evidently is, then it is but a review of the original action, intended as a correction or restraint of the judgment therein rendered, and can be sustained only in accordance with the statute creating it, or of some other statute applicable. But no other is found giving the United States authority to review actions disposed of in the state courts by way of removal.

In *Freeman* v. *Howe,* 24 Howard, 450, NELSON, J., in the opinion on page 460, after referring to several cases, says : " The principle is, that a bill filed on the equity side of this court to restrain or regulate judgments or suits at law in the same court, and thereby prevent injustice, or an inequitable advantage under mesne or final process, *is not an original suit,* but ancillary and dependent, supplementary merely to the original suit, out of which it had arisen, and is maintained without reference to the citizenship or residence of the parties." This writ of review is equivalent to a bill in equity, granted for the sole purpose of restraining or regulating the judgment in the the original suit, that injustice may not be done thereby.

Dillon, in his work on the Removal of Causes, page 56, says : " Causes cannot be removed to the circuit court for a review of the action of the state court, but only for trial." In *Whittier* v. *Hartford Fire Ins. Co.* 55 N. H. 141, a case of review like the present, it was held that it was not removable, that in substance it would remove the original action and it was too late for that. LADD, J., who delivered one of the opinions, put it upon a broader ground, remarking that " There has been a trial of the

case upon its merits in the state court, and *a final and irreversible judgment rendered therein.* Availing themselves of a right conferred by a statute of this state the defendants have brought a review, and the cause may now be tried over again here, in accordance with the provisions of the statute, which imposes various qualifications and conditions upon the exercise of that right. Unless the cause is to be tried and judgment rendered in the federal court on review, the same as though it had not been tried at all, (which I suppose nobody will pretend) I do not see how it can be tried there at all, unless the federal court will undertake to administer the municipal law of New Hampshire, and communicate with the state court for the purpose of ascertaining what the final judgment there shall be."

In *Du Vivier* v. *Hopkins*, 116 Mass. 125, GRAY, C. J., in the opinion on page 128, says : "When a cause is legally removed into the circuit court of the United States, the jurisdiction of the state courts over it ceases, and the suit is thenceforth to proceed *to trial, judgment and execution* in the federal courts, and cannot afterwards be remanded to the state courts for any purpose." If the review cannot be remanded, it is difficult to see in what way it or any judgment the circuit court can render, can restrain or modify the execution of the judgment in the state court. Thus in any view we can take of the case, we find no authority for its removal, but both principle and authority are against it.

*Exceptions sustained.*

APPLETON, C. J., BARROWS and PETERS, JJ., concurred.

VIRGIN and SYMONDS, JJ., concurred in the result.