## DEUTSCHMAN *v*. THE TOWN OF CHARLESTOWN ET AL.

TOWN.—*License to Retail Liquors.*—Incorporated towns have no authority to require a license of any person for retailing intoxicating liquors within their limits.

SAME.—*Liquor Law.*—Section sixteen of the liquor law, 1 G. & H. 618, does not confer such authority.

LEGISLATIVE INTERPRETATION.—*Courts.*—The courts must construe the law; and legislative interpretation, though entitled to great respect, cannot control their judgment.

APPEAL from the Clark Common Pleas.

WORDEN, J.—This was a complaint by the appellant against the appellees, the object of which was to procure a mandate against the trustees and officers of the town of Charlestown, in Clark county, requiring them to issue to the plaintiff a license to sell intoxicating liquors within the limits of said town. Such proceedings were had as that judgment was rendered for the defendants. The trustees of the town, it being an incorporated town, had passed an ordinance prohibiting such sale without a license.

We have heretofore decided that incorporated towns in this State have no authority to require a license to retail spirituous liquors within their limits. *The Town of Martinsville* v. *Frieze*, 33 Ind. 507. If this decision be correct, it follows that the judgment below must be affirmed, for the officers of the town could not be compelled to do a thing which they had no right to do. Moreover, the appellant's right to sell is as perfect without as with such license.

In the decision of the cause above cited, the court say: "The validity of the ordinance depends upon the power conferred upon the board of trustees of the town to pass it. There is nothing in the original act on the subject of the incorporation of towns, etc., 1 G. & H. 619, that confers such power. A municipal corporation can no more exercise powers not conferred upon it than can any other corporation. They are all the creatures of the law, and can exercise such powers, and such only, as are conferred upon them by the law."

It was also held that the attempted amendment of the original act (3 Ind. Stat. 121) was void for want of compliance with the constitution. It is conceded by counsel in this case that the amendment above mentioned is void, for the reason stated, but it is contended that the towns have the necessary authority without that amendment.

When that case was decided, the act providing for the incorporation of towns, etc., (1 G. H. 619) was carefully examined by the court, and the conclusion reached that it did not confer the authority upon towns to require such license. Upon a re-examination of the statute we have again arrived at the same conclusion. There is a provision, however, in the temperance law, to which our attention was not then called, and which we now notice. The sixteenth section of that act (1 G. & H. 618) is as follows:

"All laws and parts of laws coming in conflict with any of the provisions of this act, be and the same are hereby repealed; but nothing in this act shall be so construed as to prohibit the common councils of cities and the boards of trustees of incorporated towns, from demanding and enforcing a fee for license, from all keepers of coffee-houses, or other places where intoxicating liquors are sold and drank, within the limits of their respective corporations."

We have seen that before the passage of the section above quoted there was no law empowering the boards of trustees of incorporated towns to require such license to vend liquors. The section quoted does not profess to confer such power, but simply provides that nothing in that act contained shall be so construed as to take away the power.

The power, if conferred at all, must be looked for elsewhere than in the section quoted; but if conferred elsewhere, it is not taken away by the passage of the temperance law.

It may be conceded that the section quoted is a legislative recognition of the existence of such power in the boards of trustees of incorporated towns, and as such recognition it is entitled to due weight and respect. If under the

general law for the incorporation of towns, or under any other statute on the subject, it were doubtful whether or not such power had been conferred, the section quoted would have great weight as a legislative construction of the statute. But the courts must construe the law, and while they will pay great respect to the expressed opinion of the legislature as to what the law is, they cannot thereby avoid the duty which devolves upon them to decide what it is, in accordance with the dictates of their own judgment.

In our opinion, there was no law in force at the time of the passage of the temperance act that conferred upon the boards of trustees of incorporated towns the power in question; nor has there been any such law since enacted.

There was an attempt to confer such power in 1867 by an amendment of the act on the subject of the incorporation of towns, etc., but that amendment we have seen was void on constitutional grounds.

Perhaps the attempt to confer such power by the amendment in question furnishes as strong an inference that, in the view of the legislature, the power did not exist as the section above quoted from the temperance act of 1859 furnishes that the power did exist.

The judgment below is affirmed, with costs.

*J. H. Stotsenburg, T. M. Brown, J. K. Marsh,* and *S. K. Wolfe,* for appellant.