## STEIN v. HAUCK.

EASEMENT.—*Use.*—*Prescription.*—*Ancient Windows.*—*Light.*—*Air.*—An easement in light and air, to be supplied to the ancient windows of one person, from the premises of another, can not be acquired in this State by mere use or prescription.

SAME.—*Statute Construed.*—By the act of this State, "touching easements," (1 R. S. 1876, p. 436) the Legislature intended neither to recognize nor adopt the English rule in relation to easements in light and air, but to prevent the future acquisition of such easements, except in conformity with the provisions of such statute.

From the Dearborn Circuit Court.

*N. S. Givan* and *W. H. Matthews*, for appellant.

*J. Schwartz*, for appellee.

BIDDLE, J.—This action is brought by the appellee, to establish, by use, an easement in light, to be supplied to his ancient windows from the premises of the appellant. The complaint alleges such use, uninterruptedly, during twenty years, acquiesced in by the vendor of the appellant, and by the appellant after his purchase; and that after such use and acquiescence, the appellant erected upon his own premises a frame structure, which effectively and permanently obstructed the light from the windows of the appellee. The sufficiency of the facts alleged in the complaint to maintain the action was questioned by a demurrer, which was overruled. Exceptions were taken to the rejection of certain evidence; also to the giving of certain instructions to the jury, and to the sufficiency of the evidence to sustain the verdict, upon all

of which, questions are presented for our decision; but the fundamental question in the case, which must be answered before the rights of the parties can be ultimately settled, continually recurs to us, namely: Can an easement in light and air, to be supplied to the ancient windows of one, from the premises of another, be acquired by use or prescription in the State of Indiana? We therefore proceed at once to the examination of this question.

We read much in our books about the common law right in England, of an easement, acquired by use or prescription, in light or air coming to ancient windows from the premises of another; but when the history of the right is carefully studied, it will be found that it was sometimes disputed. It was denied in the case of *Bury* v. *Pope*, 1 Cro. Eliz. 118, and, under the reign of Charles II., in the case of *Palmer* v. *Fletcher*, 1 Lev. 122. It was modified by the custom of London, and, indeed, was never indisputably settled until it was established by the statute of 3 William IV., c. 71, sec. 3. But assuming that such an easement was a common law right in England, before the statute of William IV., the question, whether it is a common law right in the State of Indiana, has never before been directly presented to this court. In the case of *Keiper* v. *Klein*, 51 Ind. 316, the question was incidentally noticed; but that case turned upon the question, whether a certain deed conveyed such an easement by implication; not whether it could be acquired by use or prescription. And it has been held, that the common law, as a system, is adopted in this State, except such parts of it as are inconsistent with our institutions, or not suited to the condition of the country. In the case of *Robeson* v. *Pittenger*, 1 Green, Ch. 57, it is held, that when ancient lights have existed for upwards of twenty years, undisturbed, the owner of an adjoining lot has no right to obstruct them; but this case was decided mainly on the authority of *Story* v. *Odin*, 12 Mass. 157, which has long ceased to be the law of Massachusetts; for in the case of *Randall* v.

*Sanderson*, 111 Mass. 114, decided more than sixty years later, it is expressly held, that "It is the established law, in this Commonwealth, that an easement of light and air can not be acquired by prescription," in support of which many cases are cited. In the case of *Durel* v. *Boisblanc*, 1 La. An. 407, where the easement of light to a window was coupled with the right of way through a passage, it was held, that they could not be obstructed; but the decision was expressly placed upon the ground that these servitudes were visible and palpable, and, on examination of the property the purchaser must have seen them,—the court remarking, that, "could we believe that he was ignorant of them, a very different case would have been presented." In the case of *Gerber* v. *Grabel*, 16 Ill. 217, it is held, that "Twenty years' uninterrupted and unquestioned enjoyment of lights, constitutes them ancient lights; in the enjoyment of which the owner will be protected." But CATON, J., in a separate opinion, evidently doubts the wisdom of the rule, and TREAT, C. J., dissented. These three cases are all the decisions we can find, and these three States—New Jersey, Louisiana and Illinois—the only States which have adopted the English rule concerning easements in light and air, acquired by use or prescription, and the case in Illinois is the only one fully in accord with the English decisions, and is based upon a full adoption of the English common law by a statute of the State.

Against these decisions we have many American authorities. In *Napier* v. *Bulwinkle*, 5 Rich. 311, it is held, that "In the case of a window, which gives no cause of action to the owner of the space over which it looks, he is not bound to obstruct within twenty years to prevent the acquisition of a right; and without some other circumstance, from which his assent to the easement as a right may be inferred, his grant can not be presumed from the mere unobstructed enjoyment." In *Parker* v. *Foote*, 19 Wend. 309, that eminent jurist, BRONSON, J., in delivering the opinion of the court, says: "There is, I think, no prin-

ciple upon which the modern English doctrine on the subject of lights can be supported. It is an anomaly in the law. It may do well enough in England; and I see that it has recently been sanctioned with some qualification, by an act of parliament. Stat. 2 & 3 Will. 4, c. 71, sec. 3. But it can not be applied in the growing cities and villages of this country, without working the most mischievous consequences. * Nor do I find that it has been adopted in any of the States." This doctrine is fully approved in *Cherry* v. *Stein,* 11 Md. 1.

In Iowa, the English doctrine is held inapplicable. *Morrison* v. *Marquardt,* 24 Iowa, 35. In *Powell* v. *Sims,* 5 W. Va. 1, the English common law of ancient lights was disapproved. Ohio has decided, that, "An easement in light and air, to be supplied to one's windows from the premises of another, can not be acquired * by use or prescription." *Mullen* v. *Stricker,* 19 Ohio State, 135. See also *Banks* v. *The American Tract Society,* 4 Sandf. Ch. 438. We have already cited *Randall* v. *Sanderson,* 111 Mass. 114, which is supported by the following cases. *Fifty Associates* v. *Tudor,* 6 Gray, 255; *Rogers* v. *Sawin,* 10 Gray, 376; *Carrig* v. *Dee,* 14 Gray, 583. Massachusetts has long since abrogated the English doctrine by statute. MR. WASHBURN says: "The tendency of late years, in this country, has been against the doctrine of gaining a prescriptive right to the enjoyment of light and air, as an easement appurtenant to an estate, on the ground that it is incompatible with the condition of a country which is undergoing such radical and rapid changes in the progress of its growth;" (2 Washb. Real Prop. 346,) and he cites the States of New York, Massachusetts, South Carolina, Maine, Maryland, Alabama, Pennsylvania and Connecticut, as having discarded the English doctrine; to which list of states he might have added Ohio, Iowa and West Virginia, as we have seen by the authorities cited, *supra.* In several of the States, the question seems to be yet undecided.

It may not be unprofitable to reason a moment upon the propriety of following the current of American authorities upon this question, to which a few exceptional cases seem as but eddies. In the first place, an easement in light or air is unlike any other easement known to the law. It is neither an appurtenance nor a hereditament. No definition of property known to the law includes it specifically. No exclusive right can be had in light or air; legislation can not create such a right, because man has no exclusive dominion over them. They are for all in common, "and upon whom doth not his light arise?" Job 25, 3. And " The wind bloweth where it listeth, and thou hearest the sound thereof, but canst not tell whence it cometh, and whither it goeth." St. John 3, 8. To give a right of property in light or air, which can control the right to the use of land, is to make the incident greater than the principal, and allow the shadow to control the substance.

Second, the owner of open space may not know, and can not know of right, the internal arrangement of his neighbor's house; and may "stand by" while the invading claim, which is finally to embarrass, if not to destroy, the usefulness of his land, is gradually accruing against him, until it becomes a vested right, which he can not dispute.

Third, if he knows that the right is accruing against him, he has no right of action against the person who enjoys his light or air, to prevent it, because he has not, and can not have, any exclusive property in the light or air which occupies his space; he has nothing, therefore, to do, except to stand by and lose his rights, or erect his obstruction within a given time, simply for the purpose of protecting what was already his own. Besides,—

Fourth, the injury of such an easement to the land, which can be used only in the one place where it is, is so great, compared with the value of the easement in light or air, which can be had and used everywhere, that no

such easement ought to be acquired by use or prescription, against one who may not know that it is accruing, or knowing it, can defend against it only by suffering expense and inconvenience. The boundaries of the land are generally sufficient for the supply of its own light and air; and we do not see why the owner should be allowed to go beyond them to supply himself with these blessings, against the rights of another; or to turn that which was granted to him as a favor, into an injury to the grantor.

Upon these authorities, and for these reasons, we are prepared to hold, as the law of this State, that no one can acquire an easement in light or air, to be supplied from the premises of another, by mere use or prescription. We can not see that this rule will work injury to any one; and we think it will place these impalpable and invisible claims upon a safe footing, consistent with the rights of all concerned. It is very easy to reserve such an easement to the vendor, or grant it to the vendee, in the deed which conveys the land, or to create it by any valid contract; then each one knows what he sells, and what he buys, and all persons are protected in their rights. Embarrassments have accumulated, and injuries have been suffered, to property, growing out of the unsettled views upon this question. It should be put to rest. No one should stand in danger of unwittingly suffering burdens to be laid upon his property, nor be constantly compelled to guard against such an insidious invasion of his rights.

But the appellee insists that the State of Indiana has recognized, if not adopted, the English rule with regard to easements in light and air, acquired by use or prescription; that the allegations of fact in his complaint bring his case within the rule; that the evidence proves the facts to be true; and, therefore, that the judgment should be affirmed. The statute to which he refers is as follows:

"Sec. 1. That the right of way, air, light or other easement, from, in, upon, or over, the land of another,

shall not be acquired by adverse use, unless such use shall have been continued uninterruptedly for twenty years." 1 R. S. 1876, p. 436.

Sections second, third, and fourth provide means by which the owner of the land may prevent the acquisition of such an easement against him.

We do not concur with the views of the appellee, in reference to the construction of this statute; and instead of giving our own reasons for our conclusion, we have found a decision upon a statute similar to the one cited, indeed almost literally the same, which is so directly in point that we adopt its language as our own. "It is provided by statute, c. 147, sec. 14, that 'no person shall acquire any right or privilege of way, air, or light, or any other easement, from, in, upon, or over the land of another by the adverse use or enjoyment thereof, unless such use shall have been continued uninterrupted for twenty years.' The following sections prescribe the mode, by which the acquisition of such rights may be prevented. It is obvious, that these enactments were not designed to create or give such rights, or to determine when or upon what terms, they had already been acquired. These matters were left to be decided by the law as it previously existed. The design was to prevent their future acquisition without conformity to certain prescribed conditions. It does not even appear to have been intended to declare, that they would in future be acquired by virtue of the statute merely, but rather to prevent their acquisition without conformity to its provisions, leaving the decision to the previously existing law, whether any would be acquired." *Pierre* v. *Fernald,* 26 Me. 436.

Doubtless our Legislature, if it had intended to create such a right as is claimed by the complaint before us, or to declare that such a right already existed at common law, would have expressed itself in direct language to that effect; but, not having done so, we can give the statute no wider interpretation than its language warrants; and, as the

right to the easement claimed did not exist in the State of Indiana by the common law, and has not been created by statute, it can not be upheld. As to the principle of construing a statute which recognizes a right, but does not expressly create it, see *Deutschman* v. *The Town of Charlestown*, 40 Ind. 449.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings.