### HARPER v. STATE OF INDIANA.

[No. 23,010. Filed November 9, 1916.]

1. RAPE.—*Corpus Delicti.*—*Evidence to Establish.*—In a prosecution
for rape, evidence that the victim was never married, was so
feeble-minded as to be incapable of consent, and that she gave
birth to a bastard child, is sufficient to establish the *corpus delicti.*
p. 323.
2. RAPE.—*Defenses.*—*Acts of Others.*—It is no justification or de-
fense for one charged with rape upon a feeble-minded woman
that persons other than the defendant had carnal knowledge of
her. p. 324.
3. CRIMINAL LAW.—*New Trial.*—*Newly Discovered Evidence.*—
Where, in a prosecution for rape upon a feeble-minded woman, the
prosecutrix testified that the defendant alone had sexual relations
with her and proof was offered that she had been delivered of a
bastard child, newly discovered evidence that persons other than
the defendant had carnal knowledge of her at a time approximating
the commencement of the period of gestation is sufficient upon
which to grant a new trial, such evidence being competent to
explain the incriminating circumstance of pregnancy and to destroy
the corroborative effect thereof. p. 324.

From Harrison Circuit Court; *William Ridley,*
Judge.

Prosecution by the State of Indiana against
Abraham Harper. From a judgment of conviction,
the defendant appeals. *Reversed.*

*C. W. Cook,* for appellant.

*Evan B. Slotsenburg,* Attorney-General, *Thomas
S. Jones, William Habermel, Charles T. Brown,
Samuel P. Vogt* and *R. S. Kirkham,* for the
State.

LAIRY, J.—Appellant prosecutes this appeal from a judgment of the trial court convicting him of the crime of rape committed upon a feeble-minded woman. The only error upon which the appellant relies is the action of the trial court in denying his motion for a new trial. Several causes are embodied in the motion but all are waived except the one based on newly discovered evidence.

For the purpose of presenting the question involved some facts may be stated about which there is no controversy. It is not controverted that

1. Eva Mosier, the woman against whom the crime was committed, was so feeble-minded as to be incapable of giving consent; that she was never married; and that in the month of October, 1914, she gave birth to a bastard child, which died before Christmas. Proof of her imbecility and the birth of the child under the circumstances stated clearly established the commission of the offense of rape by some person. The *corpus delicti* having been established, it remained only to fix the responsibility of the crime. For the purpose of fixing the crime on the defendant, Eva Mosier testified that Abraham Harper had sexual intercourse with her a number of times in the woods near a schoolhouse, and the time was fixed in the fall and winter preceding the birth of the child. She also testified that no person other than the defendant ever had carnal knowledge of her. Defendant denied that he had ever had any sexual relations with her.

The newly-discovered evidence upon which appellant sought to obtain a new trial consists of the testimony of two witnesses, Noble C. Hurn and Levi C. Hurn. As shown by the affidavit of appellant and the separate affidavits of the proposed witnesses, they will both testify that on the second

Sunday in January, 1914, they were passing an old vacant house which stood back some distance from the road and which was known as the old Dean house, and that they saw a pair of jennies hitched near the house. Being thus attracted, they went quietly to the house and, looking through a window, saw Elba Foutz and Eva Mosier on the floor in the act of sexual intercourse. Elba Foutz was a witness in the case and gave testimony of a nature very damaging to defendant. The state's attorney asserts that this evidence, if produced at another trial, would be incompetent and that the trial court properly refused to grant a new trial for this reason.

If the defendant, knowing the mental condition of Eva Mosier, had carnal knowledge of her, he is guilty of the offense charged against him, 2. and it would be no excuse or justification of his act to show that other persons had committed a similar offense against her. In this 3. case, however, it was shown that she was pregnant and this was a circumstance which, unexplained, tended strongly to incriminate the defendant. The fact that she was pregnant and was delivered of a child fully developed in October, 1914, clearly shows that some person had sexual relations with her sometime about the month of January of that year. She testified that she had never had such relations with any one except defendant, and this fact, if true, when considered in connection with her pregnancy, clearly established his guilt. He denied that he had ever had any such relations with her, but the fact of her pregnancy tended strongly to corroborate her testimony. The defendant had a right to prove any fact which would explain or account for her pregnant condition on a theory consistent with his innocence. If there had been no proof of preg-

nancy, this evidence would not have been competent, but it was competent to explain this incriminating circumstance and for no other purpose. The evidence is proper for the consideration of the jury in connection with all the other evidence in determining whether the defendant did have carnal intercourse with the feeble-minded woman as charged in the indictment; but, if that fact is legally established, it can be of no importance that other persons had been guilty of a similar offense, or that another was the father of the child with which she was pregnant. The exact question here involved has never before been presented to this court, but decisions of other states support the conclusion reached in this opinion. *People* v. *Flaherty* (1894), 79 Hun. 48, 29 N. Y. Supp. 641; *Bice* v. *State* (1897), 37 Tex. Crim. R. 38, 38 S. W. 803; *People* v. *Currie* (1910), 14 Cal. App. 67, 111 Pac. 108; *Kanert* v. *State* (1912), 92 Neb. 14, 137 N. W. 975.

The Attorney-General has cited a number of cases from this state to sustain the proposition that the evidence in question is incompetent. *Lovell* v. *State* (1859), 12 Ind. 18; *Wilson* v. *State* (1861), 16 Ind. 392; *Richie* v. *State* (1877), 58 Ind. 355; *Heath* v. *State* (1909), 173 Ind. 296, 90 N. E. 310, 21 Ann. Cas. 1056. An examination of these cases will show that they are not in point as to the question directly involved in this case.

The facts disclosed by the affidavit show that his failure to discover the evidence in question and to present it at the first trial was not due to a lack of diligence on the part of the defendant. The judgment is reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 114 N. E. 4. See under (1) 68 L. R. A. 33, 73; L. R. A. 1916B 747; 33 Cyc 1492, 1495. See under (3) 12 Cyc 734