PARTLOW v. STATE OF INDIANA.

[No. 23,731.    Filed July 3, 1924.]

1. COURTS.—*Powers.*—*Sovereign Power Granted by Constitution.*—Courts, by virtue of the Constitution, possess all the judicial elements of the sovereign power, independent of legislative edict or. grant.    p. 169.

2. CRIMINAL LAW.—*Appeal.*—*Affirmance.*—*Jurisdiction of Trial Court.*—*Jurisdiction of Supreme Court.*—On affirmance of a judgment of conviction, the trial court is not clothed again with jurisdiction of the cause except to execute the mandate of the Supreme Court, but the latter retains whatever jurisdiction is necessary to see that justice is done.    p. 170.

3. COURTS.—*Powers.*—*Control of Judgment.*—*During. Term.*—*After Term.*—A trial court has control over its judgments during the term at which rendered to change or modify, on its motion, and may, after the expiration of the term, set the same aside for fraud in obtaining them and grant a new trial.    p. 170.

4. COURTS.—*Rules Thereof.*—*Finality of Judgment.*—*Fraud on the Court.*—The rules promulgated and used by the courts must not be so closely adhered to that the truth of an action may not be the foundation of the judgment rendered, and the principle that a final judgment shall forever put to rest the controversy in litigation must not prevent the trial court from giving relief in cases of fraud practiced on the court.    p. 170.

5. CRIMINAL LAW.—*Supreme Court.*—*Jurisdiction after Affirmance of Conviction.*—*Motion for New Trial.*—After affirmance of conviction, the Supreme Court has jurisdiction to entertain a petition for a writ directed to the trial court authorizing the latter to permit the filing of a motion for a new trial because of fraud in procuring the conviction.    p. 171.

6. COURTS.—*Jurisdiction.*—*Supreme Court.*—*Determines Jurisdiction of All Courts.*—Under the Constitution, the Supreme Court is the highest judicial tribunal in the state, and has power to determine the jurisdiction of all courts within the state, and to direct the procedure in trial courts.    p. 172.

7. CRIMINAL LAW.—*Courts.*—*Powers.*—*Vacate Judgment Obtained by Fraud.*—The court in which an accused is convicted may set aside the judgment of conviction when obtained by fraud and grant a new trial, even after the end of the term at which said judgment was rendered.    p. 172.

8. COURTS.—*Powers.*—*Vacate Judgment Obtained by Fraud.*—A court may set aside a judgment obtained by fraud on the court and grant a new trial, even after the end of the term at which said judgment was rendered.    p. 172.

9. CRIMINAL LAW.—*Appeal.*—*Affirmance of Conviction.*—*New Trial for Perjured Testimony.*—A defendant convicted of knowingly receiving stolen property on the uncorroborated testimony of confessed thieves, after affirmance of conviction on appeal, *held* entitled, on production of affidavits by such witnesses repudiating their testimony at the trial and declaring it false and fabricated by them, to a writ from the Supreme Court directing the trial court to permit the filing of a motion for a new trial. p. 173.

Original proceeding in the Supreme Court by John L. Partlow for an order directing the trial court to permit the filing of a motion for a new trial. *Granted.*

*J. W. Hutchinson, Robinson, Symmes & Melson, Fitzpatrick & Fitzpatrick* and *Christian & Waltz,* for petitioner.

*Ele Stansbury* and *U. S. Lesh,* Attorneys-General, for the State.

TRAVIS, J.—The relief sought by this proceeding is based upon an original verified petition filed in this court, praying that the appellant be granted leave to file his motion for a new trial in the Marion Criminal Court, the court which tried the cause in this case, and from which court an appeal was taken to this court and affirmed. *Partlow* v. *State* (1922), 191 Ind. 660.

The petition is based upon the presentation of new matter and evidence disclosed by the sworn confessions of Carl E. Bernauer and Thomas Sterrett, who were witnesses in behalf of the State upon the trial of appellant in the *nisi prius* court, as shown by their affidavits. The charge for which appellant stands convicted was for knowingly receiving a certain automobile, then the property of one Bert Ashley, from Thomas Sterrett and Carl E. Bernauer, the confessed thieves who stole the automobile. In the trial of the case in the court below, Bert Ashley testified to the *corpus delicti* and the venue. Three police officers of the city of Indianapolis testified to the confessions made by Bernauer and Sterrett, which

led to the arrest of appellant, and his going with them to a garage in the city of Indianapolis in which he had an interest as a stockholder and general manager, and showing to them the automobile which was the subject of the crime charged. Sterrett and Bernauer testified in behalf of the State, admitting that they stole the automobile which belonged to Ashley, and took it to the garage mentioned and received therefor a storage check, which was delivered to appellant, upon his paying to them the sum of $50, and that the matter of the sale had been arranged with appellant, prior to the theft of this automobile, in a conversation between appellant and these witnesses, wherein he was to pay them for stolen automobiles delivered to him at this garage, and that he actually did pay them the sum stated for Ashley's automobile. At the trial, in his own behalf, appellant by his testimony denied unequivocally the accusation made by the charge of the crime, and denied all of the evidence given by both the witnesses Bernauer and Sterrett, and that he did not know that the automobile in question was in the garage until called to his attention by the police, but that it had been received for storage at the garage in the nighttime by the man in charge in regular course of business, and that a regular check had been given as a receipt for the stored automobile.

After conviction of appellant and judgment, Bernauer, on December 25, 1920, made and executed his affidavit in which he confessed that he and Sterrett did steal the automobile in question, with a great number of others, which were stored in the garage in question, owned and operated by The Partlow-Jenkins Motor Car Company, a corporation; and that the automobile here in question was stored at this garage at night, and that they received the customary storage tag or receipt from the night man who received the automobile; and that

appellant Partlow was not at the garage at the time this automobile was delivered there for storage; and that Partlow had nothing whatever to do in any way with the stealing of this automobile or any other automobile, and had nothing to do with the storage of this automobile or any of them, or with receiving them for storage; and that Partlow had never employed either affiant or Sterrett to steal the automobile; and that he had not at any time paid either himself or Sterrett for the automobile or any automobiles, or for stealing this or any automobile; and that Partlow never at any time purchased this automobile or any others so stolen, and that the one in question and the others by them stolen were simply stored in this garage in the ordinary manner, and that affiant and Sterrett had never told anyone prior to their arrest that the automobiles were stolen; and that affiant did not even know Partlow prior to his arrest and had never talked to him in his life, and that, prior to his arrest, Sterrett had never talked to Partlow in his presence; that shortly after the arrest of affiant and Sterrett, and while incarcerated in the Marion county jail together, they planned the story which they told to the detectives and police and which was given in evidence by the policemen and witnesses in the trial of the cause. Affiant, in the affidavit, says that he and Sterrett planned the story and "framed the same up in the hope that we would make Partlow the 'fall guy' and that in consideration of our testimony against Partlow that we would be released or that sentence would be suspended"; and that, while in jail before appellant's trial, Sterrett reminded affiant that affiant had a charge of grand larceny against him and a suspended sentence of two to fourteen years, and that if affiant did not tell the same story Sterrett did, affiant would likely have to do time; and they thereupon agreed upon the story they told upon the witness stand in the

trial of appellant.   Affiant further said in his affidavit that Partlow is entirely innocent and never had any connection whatever with himself and Sterrett or with the stolen automobiles, and that appellant could not have known that the automobile was stolen, and further that appellant never did receive any of the stolen automobiles, directly or indirectly, and that the automobiles were stored in the garage in their own right and possession and without the knowledge, co-operation, or assistance of Partlow.   Thereafter on August 25, 1923, Sterrett made a confession by his affidavit which was practically the same as the affidavit made by Bernauer, but much shorter, in different language, and made before a different officer.

The only evidence in the trial of the original case tending to incriminate appellant besides the evidence of Bernauer and Sterrett was the mere finding of the automobile in question, with others, in the garage in which appellant had an interest as a stockholder and general manager.   Between the time of the decision of this court affirming the judgment of the lower court upon appeal, and the filing of the petition herein, appellant sought to gain a new trial by virtue of two actions petitioning for a writ of error *coram nobis*, (191 Ind. 657 and 194 Ind. 172) which two actions were begun in the Marion Criminal Court, the court which tried the original cause.   In both of the cases for writ of error *coram nobis*, appellant suffered adverse judgments, from each of which he appealed to this court, both of which appeals were decided against him.

Appellant's proposition under this petition is, that he is entitled to a new trial because of his conviction, through fraud, of having received stolen goods, in that the only evidence in the case in proof of his having committed the crime, and upon which a verdict of guilty

could be based, was that given by the two witnesses
Bernauer and Sterrett; and that, as shown by his veri-
fied petition, the evidence given by them was false and
perjured; and that he has a valid defense to the action.

There are two questions to be considered to reach a
conclusion upon the petition: first, the jurisdiction of
this court to entertain the petition, and second,
1.   the merits thereof.   The decisions of the courts
of the different states are not uniform upon the
jurisdiction of a cause after a judgment of a trial court
has been affirmed by the appellate court, and a remit-
titur of the judgment of the appellate court back to the
trial court.   Some jurisdictions have held that after
such remittitur, jurisdiction again wholly vests in the
trial court; other jurisdictions holding, as an exception
to this position, that the appellate court may again take
jurisdiction after remittitur, and correct its record to
make it speak the truth, or to correct the remittitur for-
merly sent to the trial court which did not follow the
actual mandate of the appellate court and was therefore
erroneous; other jurisdictions that the appellate court
lost jurisdiction upon its remittitur and that the trial
court gained no jurisdiction thereby, except to execute
the mandate of the appellate court.   There is no act of
the legislature of this state which grants or defines ju-
risdiction to this Supreme Court in a situation like this.
If the highest judicial tribunal in this state is to assume
jurisdiction by virtue of this position, it must do so
without the express sanction of the legislature, which
is that it must assume jurisdiction by virtue of the
Constitution, by which the people give to the courts all
the judicial elements of the sovereign power, thus creat-
ing and investing it, as a separate and distinct arm of
the government, with sovereign judicial power.   *State,
ex rel.,* v. *Noble* (1889), 118 Ind. 350, 4 L. R. A. 101,
10 Am. St. 143.   This position, if taken now by this

court, is not without sanction heretofore expressed: "That courts possess inherent powers not derived from any statute is undeniably true. * * * If it were granted that courts possess only such rights and powers as are conferred by statute, they would be mere creatures of the Legislature, and not independent departments of the government. They are not mere creatures of the Legislature, but are co-ordinate branches of the government and in their sphere not subject to legislative control." *Sanders* v. *State* (1882), 85 Ind. 318, 328, 329, 44 Am. Rep. 29; *Deutschman* v. *Town of Charlestown* (1872), 40 Ind. 449.

This court has heretofore decided that a trial court, upon the remittitur from this court upon appeal, is not clothed again with the jurisdiction of the cause except to execute the mandate of this court, but that the record follows the judgment and that the judgment upon appeal is the judgment of this court. The test to be applied to determine whether jurisdiction survives in this court with its judgment to affirm, may be by analogy. It is the rule of law generally that a trial court has control over its judgments during the term at which they were made to change or modify them, upon the court's own motion, and further that the trial court, not being devested of its jurisdiction, it may set aside its judgment for fraud, and grant a new trial. *City of Chicago* v. *Nodeck* (1903), 202 Ill. 257, 67 N. E. 39.

The real office of the courts, whether nisi prius or appellate, is the governmental instrumentality through which the subjects of the sovereign may attain exact justice, based solely upon truth. The rules promulgated and used by the courts to arrive at the truth, must not be so closely adhered to that the truth of an action may not be the foundation of the judgment, but the rules must be so elastic, or give way

altogether, for the admission of truth upon which all just judgments must be based. The fundamental principle of our jurisprudence that a final judgment shall forever put at rest the controversy involved in the litigation, must not rest upon fraud practiced upon the court; or falsities instead of, and in preference to realities. The trial court, still retaining jurisdiction may so act to give relief under such circumstances. *Sanders* v. *State, supra; Dennis* v. *State* (1885), 103 Ind. 142; *Harper* v. *State* (1916), 185 Ind. 322, 114 N. E. 4.

It has recently been held by a state supreme court after years of evolutionary growth through its decisions of the question here to determine, that after the appeal had been concluded and *remittitur* had been sent down, the supreme court still retained jurisdiction of its judgment and of the cause, and that a petition should be addressed to the supreme court, and not elsewhere, for the defendant to be allowed to make a motion for a new trial. If the petition is meritorious, the supreme court will make proper orders to enable the defendant to make a motion for a new trial upon after discovered evidence before the trial court—the only court that may hear such motions upon their merit. *State* v. *Hawkins* (1921), 121 S. C. 290, 114 S. E. 538, 27 A. L. R. 1083.

It necessarily follows that what one court which had jurisdiction might do to mete out justice, any other court which has the jurisdiction of the action not only may, but is constrained to do. It is held that the supreme court, upon whose judgment the appellant is bound, and with which the record rests has jurisdiction to entertain and decide the question presented by the petition, and to make all necessary orders to carry into effect its decision.

This court has heretofore decided that "under the constitution the Supreme Court is the highest judicial tri-

bunal in the state and has power to determine the jurisdiction of all courts within the state," under which authority the court hereafter rests its mandate directing the procedure and jurisdiction of the trial court. *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 562.

As to the merits: The testimony of Bernauer and Sterrett given at the trial of appellant was the only evidence before the trial court that in any manner connected appellant with the crime charged, save the presence of the stolen automobile in the garage of which he was general manager. By the petition herein, supported by the affidavits of both these witnesses, the testimony given by them, and each of them, was wholly false and perjured. Such false and perjured evidence was a fraud upon the court and jury, which tinged the verdict and judgment.

Where a judgment has been obtained by fraud upon the court, it may vacate such judgment and grant a new trial, even after the end of the term at which such judgment was rendered. *City of Chicago* v. *Nodeck, supra; Pelz* v. *Bollinger* (1904), 180 Mo. 252, 79 S. W. 146.

The Supreme Court of Arkansas decided it was error in the trial court to refuse a new trial on the grounds of newly-discovered evidence, where the defendant's conviction of the offense rested almost entirely on the testimony of the prosecuting witness who afterward made a retraction under oath. *Bussey* v. *State* (1901), 69 Ark. 545, 64 S. W. 268.

It has also been held that when the state is compelled to rely for its conviction on the testimony of a witness who afterward, and before the motion for a new trial is acted upon, retracts the truth of such testimony and himself appears before the court and under oath affirms that the testimony as given by him in the trial of the

cause was untrue, and that such testimony was vital to the state's case, the judgment should be set aside. *Green* v. *State* (1923), 94 Tex. Cr. App. 637, 252 S. W. 499.

The Supreme Court of Minnesota decided that where a conviction was based upon the evidence of an accomplice, who afterward repudiated his testimony, the refusal of the trial court to grant a new trial based upon such repudiation of his testimony by the witness, upon which perjured testimony conviction was obtained, was erroneous. *State* v. *Myers* (1923), 154 Minn. 242, 191 N. W. 597.

It has also been decided by the federal court that on an application for a new trial based on the affidavit of a witness who had testified as to an incriminating statement made by the defendant in the action, that such testimony as given by such witness on the trial was perjured, the denial of a new trial was gross abuse of discretion. *Pettine* v. *Territory of New Mexico* (1912), 201 Fed. 489, 119 C. C. A. 581.

If in the interest of justice and humanity a *nisi prius* court may grant a new trial upon the showing that testimony of the witness or witnesses upon which 9. the conviction rested, was perjured and false, even after the lapse of time within which a statutory motion for a new trial might be made, and after time for appeal had elapsed, this court after judgment of affirmance of the judgment below is not impotent to grant relief upon a showing that the judgment in the first instance was tinged with fraud, without which it is doubtful whether a conviction would have resulted from the trial.

It is plainly apparent from the petition, that without the testimony of Bernauer and Sterrett at the trial of the cause, there is grave doubt that the verdict of guilty would have been rendered.

This case is to be distinguished from the line of cases which rest upon a complaint where fraud is alleged to have been practiced upon the court through perjured testimony and not admitted by the witnesses who gave such alleged testimony. See *Pepin* v. *Lautman* (1901), 28 Ind. App. 74; *Walker* v. *State, ex rel.* (1908), 43 Ind. App. 605.

It is therefore ordered that the criminal court of Marion county be and is hereby directed and authorized to receive and act upon a motion for a new trial by said John Partlow, which he is hereby authorized to file in said court asking that a new trial be granted because of said alleged fraud, and that said court shall thereupon investigate and decide the truth or falsity of the matters alleged in such motion and act thereon; and that it certify to this court the result of such investigation.