## SOUTHERN COLONIZATION COMPANY ET AL. *v.* SANFORD.

### [No. 12,323.    Filed November 19, 1925.]

1. NEW TRIAL.—*Complaint for new trial on ground of newly-discovered evidence held sufficient.*—A complaint for a new trial, filed after the time for filing a motion for a new trial had expired, which alleged as a ground therefor that, after the decree had been rendered in the previous action to reform and foreclose a mortgage denying the reformation sought, which was the inclusion of land omitted from the mortgage, the plaintiff in both actions had discovered, through the confession of one of the officers of the mortgagor, a corporation, that part of the land intended to be included in the mortgage had been fraudulently omitted therefrom, was not insufficient because of lack of diligence in discovering the evidence before the expiration of the time for a motion for a new trial, as it would not be expected or required that the plaintiff should have gone to an adverse party for information concerning such facts.    p. 628.

2. REFORMATION OF INSTRUMENTS.—*Evidence held sufficient to sustain decree reforming mortgage so as to include land omitted therefrom.*—Evidence held sufficient to sustain a decree reforming a mortgage so as to include land omitted therefrom. p. 630.

3. JUDGMENT.—*Decree rendered on foreclosure of mortgage for principal and interest should not include interest for which previous foreclosure was had.*—A decree rendered on a complaint to foreclose a mortgage for principal and interest unpaid should not include interest for which judgment had been given in previous foreclosure for the interest then delinquent. p. 630.

4. JUDGMENT.—*No error in overruling motion to modify judgment which follows finding.*—There is no error in overruling a motion to modify a judgment which follows the finding. p. 631.

From LaPorte Circuit Court; *John C. Richter,* Judge.

Suit by William A. Sanford against the Southern Colonization Company and others to reform and foreclose a mortgage. From judgment for plaintiff, the defendants appeal. *Affirmed conditionally.* By the court in banc.

*Andrew J. Hickey, Norman F. Wolfe* and *John B. Dilworth,* for appellants.

*Earl Rowley, C. V. Shields* and *L. Darrow,* for appellee.

ENLOE, J.—On and prior to November 15, 1916, one Nelson T. Burroughs was the owner of more than 4,000 acres of land situated in the counties of Starke and LaPorte, in the State of Indiana, and on said date, by his warranty deed conveyed said lands to the Southern Colonization Company, one of the appellants herein; on January 12, 1917, said Burroughs, his wife joining therein, by his deed of that date conveyed to the same grantee, an additional tract of land, (eighty acres) situated in Laporte county, Indiana, and which tract, as it would appear, though included in the contract of sale, had been inadvertently omitted from his said first deed.

In December, 1916, the Southern Colonization Company, finding it necessary to borrow money, executed its mortgage covering 4,000 acres of the land purchased by it from said Burroughs, to secure the payment of its note in the sum of seventy-five thousand ($75,000) dollars, due five years from date, with interest and attorney's fees, the interest being payable annually. This note and the mortgage securing the payment thereof was, by the Burroughs Land Company, the mortgagee

and payee of said note, on December 27, 1917, duly assigned to the appellee herein.

The interest for the years ending December 27, 1919, and December 27, 1920, not having been paid, suit was filed to foreclose said mortgage, and the plaintiff, appellee, also asked that the said mortgage be reformed so as to include all of said lands which said mortgagor had acquired from said Burroughs, alleging the omission of said tract, conveyed by deed of January 12, 1917, alleging that the omission of said tract of land from said mortgage was by inadvertence and mistake.

Upon the trial of said cause, the court, on March 7, 1921, found that there was due the said plaintiff, for interest unpaid, the sum of nine thousand dollars; there was a judgment in favor of plaintiff for $9,660, and for the foreclosure of said mortgage, but there was no decree for a reformation of the same.

On October 7, 1921, the appellee herein filed a complaint for a new trial of said cause, alleging the discovery of new matter, newly-discovered evidence, since said judgment and decree was entered, which would entitle him to have said mortgage reformed as prayed for in his original complaint, and as reformed foreclosed upon all of said lands. To this complaint to review, the appellant filed a demurrer for want of facts, failure to show diligence to discover said testimony, which demurrer was overruled, and this ruling is the first alleged error presented on this appeal.

It was averred in said original complaint, and in said complaint for a new trial, that it was the agreement between the original parties, mortgagor and

1. mortgagee, that said mortgage was to include *all lands* acquired by said mortgagor from said Nelson T. Burroughs; that by inadvertence and mistake, a part of the lands so acquired was omitted from said

mortgage; it was also averred in the complaint for a new trial that one of the officers of said mortgagor corporation, in an attempt to perpetrate a fraud upon both mortgagor and mortgagee, had caused said tract of land to be omitted from said mortgage to the end that he might, in fraud of the right of both of said parties to said mortgage, secure said lands to himself; that after said decree had been entered, and after the time for the filing of a motion for a new trial had expired, said officer of said company admitted and confessed his part in said matter and that said land had been omitted from said mortgage that he might convert said tract of land to his own use. It is urged that the said demurrer should have been sustained because the averments do not show that any diligence was used in the matter of trying to discover said alleged newly-discovered testimony. It will be noted that the alleged newly-discovered testimony was a confession, made by one of the parties whose interest was adverse to that of the appellee herein; and that said confession was not made until after the former trial, and until after the time for the filing of a motion for a new trial had passed. We think that it could hardly be expected or required of the appellee that, prior to the time of the expiration of his time for filing his motion for a new trial, he should have gone to the person in question and sought information from him concerning the facts involved in said newly-discovered testimony, and of said person's conduct and motive in relation thereto. As said in *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661: "The fundamental principle of our jurisprudence that a final judgment shall forever put at rest the controversy involved in the litigation must not rest upon fraud practiced upon the court or falsities instead of, and in preference to, realities. The trial court, still retaining

jurisdiction, may so act to give relief under such circumstances." We are of the opinion that the trial court did not err in overruling said demurrer.

An answer of general denial was filed to this complaint, and, pending a trial of the issues thus formed, a complaint was filed and another action commenced asking for the reformation of said mortgage and its foreclosure because of the failure of the mortgagor to pay said principal indebtedness. The issues in this case being closed, the two causes were, by order of the court, consolidated for trial and resulted in a decree reforming said mortgage, as prayed for in said complaint for a new trial, and also reforming said mortgage, and, as reformed, ordering a foreclosure upon all of said lands because of the failure to pay said principal indebtedness, the court finding that there was due on said mortgage, for principal, interest and attorney's fees, the sum of $100,691.96.

It is urged that the decision of the court that said mortgage should be reformed, and said judgment modified, is not sustained by sufficient evidence. In 2. this contention, we cannot concur. There is evidence that it was the express agreement between the original parties that the said mortgage should cover *all* the lands acquired from said Burroughs, and the evidence further strongly tends to show that said tract of land was omitted from said mortgage without the knowledge of either of the parties thereto, by one of the agents of the mortgagor, with the intention and hope of personal profit to himself. The evidence is abundant to sustain the decision of the court.

It is next urged that the motion for a new trial should have been sustained because of error in the assessment of the amount of the recovery. It appears that 3. the trial court, in finding the amount due, included therein the sum of $9,660, for which judg-

ment had theretofore been rendered on March 7, 1921; this was error. That judgment was in full force and effect and should not have been included in the last judgment.

It is also urged that the trial court erred in overruling motion of appellant to modify said judgment, by striking therefrom that part reforming said mortgage. The judgment followed the finding and there was no error in overruling said motion.

4.

If the appellee shall enter a remittitur of said judgment in the sum of nine thousand six hundred sixty dollars, upon the judgment record of the Laporte Circuit Court in this cause, as of the date of said judgment, and file a certificate of the clerk of said court showing such remittitur to have been entered with the clerk of this court within thirty days, said judgment will be affirmed, otherwise it will be reversed at the costs of the appellee.