## PARTLOW v. STATE OF INDIANA.

[No. 23,731.  Filed October 14, 1920.  Rehearing denied March 10, 1922.]

1. CRIMINAL LAW.—*Trial.—Instructions.—Omission of Element of Crime.—Supplying Omission by Other Instructions.—Duty to Request More Specific Instruction.*—In a prosecution for receiving stolen goods, the giving of an instruction by which the court attempted to define the crime, but which failed to embody in the definition the element of knowledge, at the time of receiving the goods, that they were stolen goods, but not informing the jury, that if they found the enumerated elements to exist, they could convict, although incomplete and inaccurate, was not error, where another instruction, not in conflict with the instruction complained of, clearly informed the jury that such knowledge on the part of the defendant was an element essential to a conviction; and if accused desired a more specific instruction on the subject, he should have tendered one with a request that it be given.  p. 661.

2. CRIMINAL LAW.—*Trial.—Argumentative Instruction.—Invading Province of Jury.*—In a criminal prosecution, in an instruction as to the jury's duties as judges of the law and the evidence, an admonition, supported by argument in favor of the strict enforcement of law, *held* subject to criticism as having no proper place in an instruction, but not so prejudicial to defendant's rights as to warrant a reversal.  p. 663.

From Marion Criminal Court (49,895); *James A. Collins,* Judge.

Prosecution by the State of Indiana against John L. Partlow.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Christian & Waltz, Fitzpatrick & Fitzpatrick, L. E. Ritchey, Charles S. Wiltsie, Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

LAIRY, J.—Appellant was convicted in the trial court on an indictment charging him with feloniously receiving stolen goods at the time knowing that the same had been stolen. The error on which appellant relies for reversal is that the court erred in overruling his motion for a new trial.

The specification of error on which appellant principally relies is the action of the court in giving to the jury instruction number two, which is in the following words: "The statutes of Indiana define the crime of receiving stolen goods as follows: 'Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen * * * shall, if the góods be of the value of twenty five dollars ($25.00) or more, on conviction, suffer the punishment prescribed for grand larceny.'"

By this instruction the court attempted to define the crime with which appellant was charged but failed to embody in the definition the element of knowledge on the part of appellant at the time he received the goods, of the fact that they were stolen goods. The definition thus given was incomplete and inaccurate, but the inaccuracy was not such a one as could not be cured by a proper instruction. The definition stated a part of the elements essential to constitute the crime charged but did not state all of the essential elements of such crime. There was nothing in the instruction to conflict with or to contradict an instruction to the effect that the jury could not convict the defendant unless it found from the evidence that he received the property described in the indictment, that the property so received had been stolen and the defendant knew when he received the property that it had been stolen.

If the instruction had informed the jury that it would be justified in finding the defendant guilty if it found certain enumerated facts to be true and had failed to include in the enumeration a fact or element essential to establish guilt, such an instruction would be in conflict with an instruction to the effect that the jury could not convict without proof of the omitted fact or element. *Rahke* v. *State* (1907), 168 Ind. 615.

Where two instructions given are inconsistent with each other, such inconsistency shows that one of such instructions is erroneous. The jury cannot follow the law as stated in both instructions because of such inconsistency. In such a case the court has no means of knowing that the jury did not follow the law as stated in the erroneous instruction unless it appears from the record that such erroneous instruction was withdrawn before the verdict and the jury instructed not to consider it. *Rahke* v. *State, supra; Weston* v. *State* (1906), 167 Ind. 324; *Bradley* v. *State* (1869), 31 Ind. 492.

By the tenth instruction given in this case the jury was told, in substance, that if each member of the panel was satisfied that the defendant did buy and receive the property described in the indictment, it then became material for the jury to find and determine whether the defendant received such property feloniously and whether he knew at the time he received it that it was stolen property. From this instruction the jury would clearly understand that it was necessary to find as a fact that the defendant knew that the property was stolen at the time he received it in order to sustain a conviction.

This instruction is not in conflict with instruction number two, but it fully supplies the essential element of the crime omitted from the definition contained in the former instruction. If the attorneys for defendant desired a more specific instruction on the subject they

should have tendered such instruction and requested the court to give it.

Appellant complains of instruction number four as erroneous. The first part of this instruction informs the jury that, under the Constitution of this state, it is the judge of the law as well as the fact; the second part explains the duty of the jury within the meaning of such provisions; and the third part consists of an admonition to the jury supported by argument in favor of the strict enforcement of law in cases where a violation of law is shown. The objection is directed to the third part of the instruction in which the court says: "Any other construction of the law would weaken the safeguards erected by society for its protection; for, by the non-enforcement of law and its penalties, in all criminal cases where it is shown by the evidence to have been violated, contempt for law is bred among the very class it is intended to restrain." The argument is sound and persuasive, but it has no proper place in an instruction by the court.

In the case of *Scherer* v. *State* (1919), 188 Ind. 14, 121 N. E. 369, such an instruction was criticized but it was held the instruction was not so prejudicial to the rights of the defendant as to warrant a reversal in that case.

The court is of the opinion that the objectionable language of the instructions did not affect the result of the verdict and that the judgment of the trial court should be affirmed.

Judgment affirmed.