PARTLOW *v.* STATE OF INDIANA.

[No. 23,915.　Filed March 10, 1922.]

1. CRIMINAL LAW.—*Writ of Coram Nobis.—Right to Writ.— Errors of Fact.—Petition.—Where Filed.*—The writ of *coram nobis* is based upon error of fact, as distinguished from the writ of error, which is based upon error of law, and the application for either writ must be a part of the proceedings of the case to which it refers, and, in regard to the writ of *coram nobis,* must be filed in the court that rendered the judgment. p. 658.

2. CRIMINAL LAW.— *Appeal.— Jurisdiction.— Writ of Coram Nobis.—Right of Trial Court to Issue.*—Where, in a criminal prosecution, a judgment of conviction has been affirmed on appeal, and a petition for a rehearing is pending, the cause is entirely removed from the jurisdiction of the trial court, and it has no authority to grant a writ of *coram nobis.* p. 659.

From Marion Criminal Court (49,895); *James A. Collins,* Judge.

John L. Partlow was convicted of receiving stolen goods, and on appeal, the judgment of conviction was sustained. While the case was pending on rehearing, the defendant petitioned the trial court for a writ of *coram nobis,* and from a denial of his petition, he appeals, and asks to consolidate the two appeals. *Petition for consolidation denied, and appeal dismissed.*

*Floyd G. Christian, Ed. V. Fitzpatrick* and *W. D. Fitzpatrick,* for appellant.

*U. S. Lesh,* Attorney-General, and *A. G. Cavins,* for the state.

TRAVIS, J.—The foundation for this appeal is a petition for the ancient writ *coram nobis,* which was denied by the trial court.

On November 28, 1919, the court, following the verdict of guilty by a jury, adjudged, that appellant, for the offense committed by him, be fined in the penal sum

of $1,000, and imprisoned in the Indiana State Prison for a term of not less than one or more than fourteen years. From this judgment appellant appealed to this court (*Partlow* v. *State, post* 660, 128 N. E. 436), which appeal was based upon the overruling of his motion for a new trial, and which motion was based upon errors of law in the giving of each instruction by the trial court; and that the verdict of the jury was contrary to law and not sustained by sufficient evidence. Although appellant was given sixty days in which to file his bills of exceptions, only one was filed: that which contained the instructions. No bill of exceptions containing the evidence appeared in the record. The case on appeal had been decided by this court, *Partlow* v. *State, supra,* and was pending on a petition for rehearing at the time appellant filed his petition in the case at bar, in the trial court, which rendered judgment against him. From the decision of the trial court which overruled his petition for writ of *coram nobis,* appellant appealed to this court; and after perfecting his appeal, petitioned the court to consolidate this appeal with the appeal in the cause *Partlow* v. *State, supra,* then pending upon motion for rehearing; and thereupon, before this motion had been acted upon, appellee filed its motion to dismiss the appeal.

The writ *coram nobis* is based upon error of fact, as distinguished from the writ of error, which is based upon error of law. The application for either

1. writ, as a matter of practice, always has been, and must now be, a part of the proceeding of the case to which it refers; and in regard to the writ *coram nobis* must be filed in the court that rendered the judgment.

The question before the court, under the motion to dismiss, is: Did appellant's application for the writ

*coram nobis* have any place to lodge in the court

2. below? which suggests the following question:

Appellant had taken his appeal to this court from the judgment upon the verdict of guilty, and this court having rendered its opinion upon such appeal, and the appellant having filed his motion for a rehearing (which motion was still pending), which of the two courts, the trial or appellate, had jurisdiction at the time, or was the jurisdiction divided?

A rehearing in criminal cases may be allowed as in civil cases. §2223 Burns 1914, Acts 1905 p. 584, §336; Ewbank, Criminal Law §680. A case pending on rehearing remains in the appellate court until final action thereon. Ewbank's Manual §241; Elliott, Appellate Practice, §586; *Railroad Co.* v. *McKinley* (1878), 99 U. S. 147, 25 L. Ed. 272; *Boynton* v. *Foster et al.* (1844), 7 Metcalf 415. By an opinion quite recent in this court, the rule is quoted: "Where an appeal has been perfected, the jurisdiction of the appellate court over the subject matter and parties attaches, and the trial court has no power to render any further decision affecting the rights of the parties in the cause until it is remanded." *Westfall* v. *Wait* (1903), 161 Ind. 449, 68 N. E. 1009; 2 Ency. Pl. and Pr. 327. This court has given further reference to the matter by the following statement: "After the appellees had perfected their appeal, there could be no doubt that the case would have been entirely removed from the jurisdiction of the trial court." *State ex rel.* v. *Kolsem* (1892), 130 Ind. 434, 14 L. R. A. 566, 29 N. E. 595.

Based upon the authorities above cited, it is the opinion of this court that there was no case pending in the court from which this appeal was taken at the time the application for the writ *coram nobis* was presented to the court, upon which it could rest; and that any acts

which might have been done by the trial court in favor of the petition, would have been *coram non judice.*

The petition for consolidation of the causes is denied. Appeal dismissed.