## LAKE *v.* STATE

[No. 28,301. Filed May 9, 1947.]

David Lake, *pro se,* of Michigan City.

GILKISON, C. J.—David Lake has filed his original action in this court praying that it order the Marion County Criminal Court to permit him to file a statutory motion for new trial in a case entitled State of Indiana v. David Lake, No. 690 in said court.

The petition, among other things, shows that David Lake was charged in said court with robbery and auto banditry, tried by jury, found guilty, and sentenced to the state prison for a term of not less than 10 nor more than 25 years on July 27, 1944. That his attorney failed to file a motion for new trial within the time provided by law. That he desires to file a motion for new trial for the following causes: "a. That the verdict is not sustained by sufficient evidence. b. That the verdict is contrary to law. c. Newly discovered evidence, material for the party which he could not with reasonable diligence, have discovered and produced at the trial."

This court has only limited original jurisdiction. The Constitution of Indiana (Art. 7, § 4) provides that, "It shall also have such original jurisdiction as the General Assembly may confer." By § 3-2201, Burns' 1946 Replacement we are given original jurisdiction to mandate criminal courts to perform any duty enjoined by law upon them "including the granting of changes of venue from the county . . ." We are also given original jurisdiction to issue writs of prohibition "to restrain and confine" such courts to their lawful jurisdiction. However, we have no original jurisdiction to order a criminal court to permit a litigant to file a motion for new trial after the statutory period allowed therefor has elapsed.

The petition shows that the verdict was rendered July 27, 1944, and that petitioner was taken to the prison to serve the sentence on July 29, 1944, the petition was filed in this court February 14, 1947, or more than two and a half years after the verdict was rendered. Our statute (§ 9-1903), Burns' 1942 Replacement, provides that:

"The motion for a new trial and the causes therefor shall be in writing and must be filed

within thirty (30) days from the date of the verdict or finding; and any such cause not disclosed in the record shall be sustained by affidavit. The motion must be filed in open court, if the court be then in session; otherwise it must be filed with the clerk of the court."

If the petition be considered as a motion for writ of error *coram nobis*, it must be denied for the reason that this court has no original jurisdiction in a *coram nobis* proceeding. *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 537, 62 N. E. (2d) 860; *Partlow* v. *State* (1922), 191 Ind. 657, 658, 134 N. E. 483; *Berry* v. *State* (1930), 202 Ind. 294, 303, 304, 165 N. E. 61, 173 N. E. 705; *Stephenson* v. *State* (1932), 205 Ind. 141, 194, 197, 179 N. E. 633, 186 N. E. 293.

For these reasons the petition is denied.

NOTE.—Reported in 72 N. E. (2d) 746.