STATE EX REL. LAKE *v.* BAIN, JUDGE

[No. 28,400.   Filed January 3, 1948.]

*David Lake, pro se.*

O'MALLEY, J.—The relator in this action has requested that we mandate Judge William D. Bain of

Criminal Court No. 1, Marion County, to appoint an attorney to perfect and prosecute an appeal for him, and also to furnish him with a transcript of the proceedings in the cause in which he was convicted and sentenced to prison.

This relator was convicted of the crime of robbery on July 27, 1944, by a jury in Criminal Court No. 1, Marion County, Indiana. Sentence was pronounced on the same day and the relator commenced to serve a term of not less than 10 nor more than 25 years in the Indiana State Prison. About two years after his conviction he filed an original action in this court requesting that the lower court be ordered to permit him to file a motion for a new trial. This request was denied on May 9, 1947, but subsequently on June 3, 1947, the relator filed his motion for a new trial in the lower court. That court denied the motion thus filed on June 3, 1947. The relator then requested that he be permitted to appeal as a poor person from the over-ruling of the motion for a new trial and that a transcript of the proceedings in the original case be furnished without cost to relator and further that counsel be appointed at public expense to conduct such appeal.

The motion for a new trial which was filed in the matter below was in the form of the statutory motion for which provision is made in § 9-1903, Burns' 1942 Replacement. This statute fixes the time within which the motion may be filed and any such motion filed at a time more than 30 days subsequent to the verdict does not come within the time fixed and may be stricken from the files.

Under the common law no motion for a new trial was permitted. *Ward* v. *State* (1909), 171 Ind. 565, 86 N.

E. 994. This particular right is a creature of the legislature and must be exercised in conformity with the statute. *Webster* v. *State* (1935), 209 Ind. 274, 198 N. E. 781.

We do not hold that a new trial may not be gained or granted in any other way, but certainly the statutory motion is limited as to reasons and time by the terms thereof. There is authority for holding that under proper circumstances, a judgment may be set aside so that a motion for a new trial may be filed. *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. (2d) 338. However, no showing has been made in this action that would place it in the category to which reference is made in the above case.

In this particular instance the motion was filed with the clerk of the Marion County Criminal Court and at a later date it was denied. We do not believe that the fact that this motion found its way into the record gave any new or added right to the relator, since its filing was unauthorized at the time it was filed. *Ward* v. *State, supra.*

In his petition the relator requests that we mandate the judge of the court wherein relator was tried and convicted to appoint counsel and order a transcript. We have a public defender whose duties are set by statute. Under that statute, § 13-1402, Burns' 1942 Replacement (Supp.), the public defender is to represent all persons in prison, whose time for appeal has expired, and who are unable to pay for such services. Ample provision has been made for securing transcripts and other records which are deemed necessary by the public defender. Of course, he represents only those who have been denied some right, or whose conviction does not seem to have been deserved when all facts are considered. In this matter the relator claims

to have been wronged by perjured testimony. If there is merit to his claims, he is not denied the right to present the same, but the state has provided an attorney for him and the judge of the trial court has no duty to provide an attorney and we seriously doubt his right to do so at public expense. Any grievance that he may have, whether it relates to perjured testimony or to some other cause, must be first presented to the trial court in which the relator was convicted and cannot be presented to this court except on appeal.

There are other matters that could be discussed in this opinion but the reasons above set forth should be sufficient for our holding in this matter.

The petition of the relator is hereby ordered dismissed.

NOTE.—Reported in 76 N. E. (2d) 679.

## CONCURRING OPINION.

EMMERT, C. J.—The relator's verified petition for a writ of mandate to require the Marion Criminal Court, No. 1, to furnish the defendant with a transcript in Cause No. 690, entitled *The State of Indiana* v. *David Lake,* and to appoint competent counsel to represent relator on appeal, is insufficient in that no "certified copies of pleadings, orders and entries pertaining to the subject matter" are set out in the petition and made exhibits thereto as required by Rule 2-35 of this court. *State ex rel. Talkington* v. *Hoffman, Judge* (1947), *ante,* p. 475, 76 N. E. (2d) 252.

However, considering petitions and statements under oath as admissions, it also appears no cause for the relief prayed has been alleged.

Relator admits that on July 27, 1944, he was found guilty by a jury of the crime of robbery, and on said date the court entered judgment sentencing him to the

Indiana State Prison for a term not less than 10 years nor more than 25 years. More than two years after the judgment, relator offered to file a motion for a new trial which alleged, among other things, "newly discovered evidence which the defendant could not, with reasonable diligence, have discovered and produced at the trial or within thirty days subsequent to the return of the verdict." The newly discovered evidence was an alleged statement by Richard English, the principal, made on the 11th day of October, 1946, that his testimony given at the trial implicating relator as an accessory was false. On June 3, 1947, the motion for a new trial was permitted to be filed by the court, and it was subsequently overruled on June 24, 1947.

It is a denial of due process of law for a defendant to be convicted upon perjured testimony when that fact is known to the state. *Mooney* v. *Holohan* (1935), 294 U. S. 103, 79 L. Ed. 791, 55 S. Ct. 340, 98 A. L. R. 406; *White* v. *Ragen* (1945), 324 U. S. 760, 89 L. Ed. 1348, 65 S. Ct. 978; *Pyle* v. *Kansas* (1942), 317 U. S. 213, 87 L. Ed. 214, 63 S. Ct. 177.

Even if the prosecution had no knowledge of the perjured testimony, the result is just as evil to the prisoner and equally odious to any civilized and enlightened sense of justice. When a conviction rests upon perjured evidence the judgment will be reversed. *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661; *Davis* v. *State* (1928), 200 Ind. 88, 161 N. E. 375.[1]

In *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661, this court directed the trial court to receive and act upon a motion for a new trial after the statutory

[1] In *Stephenson* v. *State* (1933), 205 Ind. 141, 179 N. E. 633, 186 N. E. 293, it was held that the Supreme Court of Indiana has no jurisdiction to entertain an original petition for writ of error *coram nobis*, but the same must be filed in the trial court of the original judgment.

time had elapsed when two of the prosecuting witnesses later made verified confessions that testimony implicating the defendant had been perjured. On November 20, 1919, the defendant was found guilty by a jury, and eight days later the defendant's motion for a new trial was overruled by the trial court. The case was appealed to this court[2] on October 14, 1920, but thereafter the prosecuting witness Bernaurer, December 25, 1920, executed a verified confession exonerating the defendant, and on August 25, 1923, the prosecuting witness Sterrett executed a verified confession also alleging the innocence of the defendant. Defendant Partlow then brought an original action in this court to direct the trial court to file a motion for a new trial. This court held that without the testimony of Bernaurer and Sterrett there was grave doubt that the verdict of guilty would have been rendered, and under such circumstances a motion for a new trial for newly discovered evidence was proper. This court held that if the testimony was false and perjured, "Such false and perjured evidence was a fraud upon the court and jury, which tinged the verdict and judgment." (p. 172.) At page 173, the court said:

"If in the interest of justice and humanity a *nisi prius* court may grant a new trial upon the showing that testimony of the witness or witnesses upon which the conviction rested, was perjured and false, *even after the lapse of time within which a statutory motion for a new trial might be made, and after time for appeal had elapsed,* this court after judgment of affirmance of the judgment below is not impotent to grant relief upon a showing that the judgment in the first instance was

---

[2] Various phases of the Partlow case came before this court five separate times. See: *Partlow* v. *State*, 191 Ind. 657, 134 N. E. 483; 191 Ind. 660, 128 N. E. 436; 194 Ind. 172, 141 N. E. 513; 195 Ind. 164, 144 N. E. 661; 201 Ind. 207, 166 N. E. 651.

tinged with fraud, without which it is doubtful whether a conviction would have resulted from the trial." (Italics added.)

Later this court in *Morton* v. *State* (1935), 209 Ind. 159, 198 N. E. 307, held that after the expiration of the time fixed by statute, the court has no discretion in permitting a motion for a new trial to be filed, and therefore supplemental motion for a new trial would not be considered on appeal. The broad language of this decision was subsequently limited by *Sharp* v. *State* (1939), 215 Ind. 505, 19 N. E. (2d) 942, where the court said at page 509 of 215 Ind.:

". . . He also contends that the supplemental motion, filed after the time for filing a motion for a new trial had expired, should not have been considered. In this he is supported by *Morton* v. *State* (1935), 209 Ind. 159, 198 N. E. 307. But the defendant was permitted to file the supplemental motion, and it must be presumed that the trial court did consider it. A new trial may be granted upon motion in the nature of a petition for a writ of error coram nobis after the time has expired for filing the statutory motion for a new trial. If a motion is filed, based upon facts discovered after the time has expired for filing a motion for a new trial, and the facts brought forward by the motion are a sufficient basis for the granting of a new trial upon a petition for a writ of error coram nobis, no reason is seen why the relief must be denied by the trial court because the motion is denominated 'A supplemental Motion for a New Trial,' and it must be assumed that the trial court permitted the filing of the supplemental motion upon this theory. On a timely application for a new trial because of newly discovered evidence, the question of granting the motion rests in the sound discretion of the trial court, and it is generally said that the new trial should be granted if the newly discovered evidence is material and is of such a character that it will, in

the opinion of the trial judge, probably lead to a different result upon another trial."

Section 12 of Art. I of the Constitution of Indiana required that "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." It is beyond the power of the legislature to make this provision of our Bill of Rights meaningless by placing a time limitation upon the right to review such an alleged miscarriage of justice as here involved. This court has clearly expressed its duty to carry out the constitutional mandate in the following language:

". . . It is sufficient to say that by subsequent decision this court is clearly committed to the doctrine that courts have jurisdiction to grant new trials beyond the statute (see cases, *supra*), and that the right to an appeal does not depend upon a statute. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399. In *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 575, 34 N. E. (2d) 129, 130, the court said: 'In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, it was concluded, upon a careful consideration of the authorities, that the Constitution of Indiana guarantees an absolute right to a review by this court; that the Legislature has the right to regulate and provide procedure for obtaining a review, but not to curtail or deny the right.' Article 1 of Section 12 of the Constitution of Indiana provides: 'All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law.' In a case similar in the facts to the case at bar, the Supreme Court of Nebraska said, in *Zweibel* v. *Caldwell et al.* (1904), 72 Neb. 47, 52, 99 N. W. 843, 845: 'Section 13, article 1, of the constitution, providing that the court shall be open to every person for any injury done, and that he shall have a remedy, has been held to be broader than the common law, and to entitle the courts to grant a remedy whenever a wrong has

been done.' It was held that a showing of the loss of the right to an appeal is sufficient to warrant a new trial, and that prejudice will be presumed without the necessity of showing error in the judgment complained of. See, also, *Bruegger* v. *Cartier* (1910), 20 N. E. 72, 126 N. W. 491." *Indianapolis Life Ins. Co.* v. *Lundquist* (1943), 222 Ind. 359, 371, 372, 53 N. E. (2d) 338.

Although the court in the Indianapolis Life case, *supra,* was discussing civil rights and remedies, yet the reasoning applies with even more force in criminal cases where the defendant is deprived of his liberty or life. The General Assembly of Indiana clearly recognized this constitutional guarantee when it enacted ch. 189 of the 1947 Acts, which sought to limit some of the abuses that have been practiced in proceedings for writs of error *coram nobis* and writs of *habeas corpus,* without endangering the rights of defendants who have meritorious causes for relief. Section 5 of the Act provides:

"The Supreme Court of Indiana may, for good cause shown, under such rules as it may adopt or under such orders as it may make in a particular case, permit appeals from a judgment of conviction after the original time for taking an appeal has elapsed."

Thus in this court both under our Bill of Rights and the statute are placed the right and duty to protect the individual against abuse of power by his government.

In each particular case the inquiry must always be, does the individual have a remedy for his wrong. If he has that remedy under the statutes or under the decisions of this court, he has no right to require this court to create a new exception under statutory law or to declare a new remedy independent of the statute,

or to extend under its inherent powers beyond the principles of our former decisions.

The Morton case was correctly decided on the facts, but its reasoning is in direct conflict with the Partlow case and with the reasoning of this court in the Indianapolis Life case, and for that reason should be strictly limited to the particular facts decided.

For the purposes of this decision it makes no difference whether we call the relator's pleading a motion for a new trial or a petition for a writ of error *coram nobis*. In either event his original time for appeal has expired. The time for taking an appeal is governed by Rule 2-2 of this court which supersedes § 9-2308, Burns' 1933. *Smith* v. *State* (1939), 215 Ind. 276, 19 N. E. (2d) 549.

Section 2 of ch. 38 of the 1945 Acts (§ 13-1402, Burns' 1942 Replacement) provides:

> "It shall be the duty of the Public Defender to represent any person in any penal institution of this state who is without sufficient property or funds to employ his own counsel, in any matter in which such person may assert he is unlawfully or illegally imprisoned, after his time for appeal shall have expired."

This court is familiar with the legislative history of the Public Defender act. Many prisoners in the Indiana State Prison were filing many petitions for writs of *coram nobis* and *habeas corpus* in the trial courts, as well as petitions for writs of mandate in this court, all without benefit of counsel, which created a great burden upon the trial courts as well as this court. A pauper prisoner was not entitled to counsel or record at public expense. *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. (2d) 601; *State ex rel. Jones* v. *Smith* (1943), 220 Ind. 645, 45 N. E.

(2d) 203, 46 N. E. (2d) 199. Most of the prisoners were acting as their own lawyer, with the result that their pleadings were generally in a confused and unintelligible form, and a chaotic condition was developing due to the numerous pleadings drafted without benefit of legal skill. On December 8, 1944, the Seventh Circuit Court of Appeals decided the case of *Potter* v. *Dowd, Warden,* 146 Fed. (2d) 244, which held, that (1) *habeas corpus* in Indiana was not an adequate and available remedy which would have to be exhausted before bringing a *habeas corpus* proceedings in the Federal District Court; and (2) that a pauper prisoner, unable to furnish his own counsel or obtain a record, did not have such an available and adequate remedy by writ of error *coram nobis* in the Indiana trial courts that the prisoner would be forced to exhaust this proceeding in the state courts before a Federal District Court could grant relief by *habeas corpus.*[3] The Attorney General of Indiana, believing the decision unanswerable, refused to attempt to have this decision reviewed by the United States Supreme Court. Parenthetically, it may be added that the fears expressed by Judge Major in his dissenting opinion have not materialized, perhaps due to the Public Defender act.

In order to provide counsel in behalf of pauper prisoners, avoid the objections noted in the Potter case, and to try these cases in the state courts rather than force them into the Federal District Courts, the Public Defender Act was drafted, enacted by the General Assembly, and became effective February 26, 1945. Although a pauper prisoner is not forced to accept the services of the Public Defender, *State, ex rel. Fulton* v.

---

[3] For a late decision of the United States Supreme Court on available state remedy, see *Marino* v. *Ragen, Warden,* decided December 22, 1947, 332 U. S. 561, 92 L. Ed. 203, 68 S. Ct. 240.

*Schannen* (1946), 224 Ind. 55, 64 N. E. (2d) 798, yet if he refuses to accept counsel provided by the state no benevolent presumptions need be indulged in his behalf either by this court or any trial court. There was no attempt by the legislature to make the Public Defender responsible for all appeals after conviction, since the trial counsel appointed by the court for a pauper defendant would be in a better position to prosecute the regular appeal. But after the defendant is imprisoned in the state prison and his regular time for appeal has expired, the orderly administration of criminal justice in the courts as well as public economy, could be better served by having the Public Defender, appointed by this court, represent such pauper defendants. Clearly § 2 of the Act did not mean the inherent constitutional right of appeal which may exist, independent of statute or rule of court, during the entire life of the prisoner. His time for appeal under the Act means after the regular time for appeal provided by Rule 2-2 of this court.

Section 1 of ch. 189 of the 1947 Acts, p. 625, places a limitation of five years after conviction on the right to file any proceedings for writ of error *coram nobis*. Thus, whether the relator's motion for new trial be considered as a proper motion as was done under the Partlow case, or whether it be considered as a petition for writ of error *coram nobis*, the relator may prosecute his appeal from the trial court.

Under ch. 38 of the 1945 Acts (§ 13-1401 *et seq.*, Burns' 1942 Replacement) relator has the right to the skilled services of the Public Defender, who has authority to represent Relator and obtain for him a bill of exceptions, transcript, and stipulate facts or the substance of testimony so that the matter can be properly presented for the consideration of this court.

Relator is not entitled to have counsel appointed for him as a poor person or to have a transcript of the record. including a bill of exceptions at the expense of the taxpayers of Marion County as prayed in his petition.