HORTON *v.* STATE OF INDIANA.

[No. 29,755. Filed May 19, 1959.]

*Ralph A. Horton, pro se.*

*Edwin K. Steers,* Attorney General and *John A. Pushor,* Deputy Attorney General, for appellee.

PER CURIAM.—Appellant has appealed *pro se* from the judgment denying his petition for writ of error coram nobis.

Appellee has filed petition to dismiss the appeal by reason of appellant's failure to comply with certain rules of this Court, to-wit, Rules 2-5, 2-17, and 2-19. Rule 2-5 was not complied with as no marginal nota-

tions were made on the transcript. Appellant failed to comply with Rule 2-17 as his brief does not contain a concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript. Rule 2-19 also has not been complied with as appellant has not filed nine (9) copies of his brief, nor were the copies filed bound in book or pamphlet form as therein required. Furthermore it is impossible to determine the questions sought to be presented without reference to the record.

We regret that it is sometimes necessary to decide appeals upon the failure of one of the litigants to comply with the rules of this Court, but in this case no substantial compliance with the rules has been made by appellant, and we cannot intelligently consider the appeal on what briefs appellant has filed in this cause. We realize appellant is not represented by counsel in this proceeding, but as we have many times observed, he who undertakes the difficult task of acting as his own counsel without training as a lawyer assumes a burden which is great indeed. Nevertheless, while we will liberally construe our rules so that cases may be decided on the merits whenever possible, we cannot overlook flagrant violations of the rules as in the case before us, for they prevent us from intelligently considering the issues presented.

In the case before us if appellant desired the services of counsel at public expense, he should have proceeded to procure such counsel under the Public Defender Act (Burns' §13-1401 to §13-1406, 1956 Replacement, being Acts of 1945, ch. 38, §§1-6, p. 81; 1951, ch. 132, §§1, 2, p. 347) as it appears he is a prisoner and that his time for appeal from the original judgment has expired. See: *Harris*

v. *State* (1956), 235 Ind. 700, 132 N. E. 2d 617; *State ex rel. Lake* v. *Bain, Judge* (1948), 225 Ind. 505, 76 N. E. 2d 679.

In view of appellant's failure to comply with our rules, the judgment of the lower court is affirmed. The motion to dismiss is overruled, however, as it appears sufficient steps were taken by appellant in filing transcript and assignment of errors to give us jurisdiction of the cause.

NOTE.—Reported in 158 N. E. 2d 288.